## The Illinois Central Railroad Company

### *v.*

### J. H. Anderson, Jr.

*Opinion filed February 19, 1900.*

1. Negligence—*when question of due care by plaintiff is for the jury.* Whether one who steps from a stock chute to the car door on seeing the approach of a backing engine was exercising due care for his safety is a question for the jury, though his purpose, in part, was to prevent the escape of his stock, if he was also seeking safety from the collision of his car and the approaching engine.

2. Same—*what is not negligence per se.* Stepping from a stock chute to the door of the car on the approach of a backing engine is not negligence *per se*, if it is a question upon which the minds of reasonable men would differ whether the party should have stepped on the car, jumped to the ground or remained in the chute.

3. Same—*when instruction on contributory negligence is properly modified.* An instruction that if the plaintiff saw an approaching engine was about to strike the car he was loading with stock then he was not justified in remaining on the car to protect his stock, is properly modified by adding the requirement of knowledge by plaintiff that his position was perilous to his safety from the impact.

4. Carriers—*railroad cannot limit liability to stock shipper to acts of gross negligence.* A stock contract, in so far as it limits the carrier's liability for injury to the shipper to acts of gross negligence, is void, since the shipper is a passenger and the carrier is liable for any degree of negligence which causes his injury.

5. EVIDENCE—*when refusal to admit the stock contract in evidence is harmless.* Refusal to admit in evidence a stock contract stating that the car had been examined and accepted by the shipper, who assumed the risk of loading and caring for the stock, and restricting the company's liability for damage to the stock or injury to the shipper to acts of gross negligence, is not harmful to defendant where no recovery is sought for damage to the stock or upon the ground that the car was in a defective condition, but for injury to the shipper after loading the stock.

PHILLIPS, J., dissenting.

*Illinois Central Railroad Co.* v. *Anderson,* 81 Ill. App. 137, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. WILLIAM M. FARMER, Judge, presiding.

The statement of the facts in this case, as made by the Appellate Court, is as follows:

"This is an action of trespass, brought by appellee, against appellant, for unlawfully, negligently and willfully running its engine, with cars attached, against a car in which appellee was loading hogs, whereby he, in the exercise of ordinary care, was thrown from the car to the ground and severely injured.

"The immediate facts are, that appellee was a shipper of live stock over appellant's railroad, and on the 30th of November, 1897, at about the hour of noon, at Mason, a station on appellant's road, was loading a car of hogs on the switch track for shipment to Chicago, when appellant's local freight train coming from the south, bound north, stopped at the station a short time and uncoupled the locomotive and two cars, and ran north to the switch track and backed south to switch out a car of wood standing on the switch track, south of the car loaded by appellee. There was nothing to obstruct the vision of the train crew as the engine and two cars were backing in on the switch track to couple on to the cars there. At the time the engine and cars backed down the switch

track appellee had got his hogs into the car, and had thrown back the apron connecting the stock chute with the car, and stepped into the door of the car and was holding on to the bar, a plank about six inches wide, across the open door space and about three and a half feet from the floor of the car, his feet on the floor of the car and his body outside of the bar, trying to keep his hogs from getting out of the door, and at the same time, with the aid of his brother, trying to close the door, when the cars came together and he was knocked or jarred off the car to the ground, a distance of six or more feet, at the place where the car was standing, and, falling on a tie of the road, one or more of his ribs were broken, the ligaments of his ankle ruptured, and he was otherwise seriously injured and probably never will fully recover. The verdict was for $1000.00 damages, on which judgment was rendered."

An appeal was taken from the judgment so rendered to the Appellate Court. The Appellate Court has affirmed the judgment, and the present appeal is prosecuted from such judgment of affirmance.

The first and second instructions given for the plaintiff are as follows:

1. "If you believe, from the preponderance of the evidence, that plaintiff had car furnished him by defendant to be loaded with hogs for shipment over defendant's road, and at time of alleged injury in first count plaintiff was loading or fastening said car, it became the duty of defendant to exercise due care to prevent doing personal injury to plaintiff while engaged in loading car; and if you believe, from a preponderance of evidence, at time of injury plaintiff was rightfully in car, in exercise of due care and caution for his safety, such as a reasonably prudent man would exercise under like circumstances, and that defendant, by its employes, negligently or willfully ran an engine against said car upon which plaintiff was, thereby knocking him off, and injured him, then

your verdict should be for plaintiff in such sum as from all the evidence you believe he is entitled to receive.

2. "If you believe, from a preponderance of evidence, plaintiff has established every material allegation of his declaration, your verdict should be for plaintiff, and you should award him such damages as from all the evidence you believe he is entitled to receive."

Instructions 6 and 7, as asked by defendant and as modified by the court, are as follows:

6. "If you believe, from the evidence, that Anderson saw the approach of the engine and cars against the one in which his hogs were contained, then he would not be justified or authorized in law to take the risk of remaining in or on the car to prevent his hogs from escaping."

The court refused to give the instruction as asked, but modified the same by inserting the words in italics and gave it as modified, as follows:

"If you believe, from the evidence, that Anderson saw the approach of the engine and cars and that they were about to strike against the one in which his hogs were contained, *and if you further believe, from the evidence, that the plaintiff was in a position he knew to be perilous to his safety from such contact,* then he would not be justified or authorized in law to take the risk of remaining in or on the car to prevent his hogs from escaping."

Defendant asked the following instruction, which the court refused to give as asked, but modified the same by inserting the part in italics and gave it as modified, as follows:

7. "In this case you are instructed that it was Anderson's duty to use due care and caution to avoid being injured. The danger of his hogs escaping from the car, if you believe, from the evidence, there was danger, did not authorize him to omit the use of due care and caution in order that he might prevent the escape of the hogs. If you believe, from the evidence, that he *knew the danger was imminent and* had opportunity to prevent injury to

himself it was his duty to do so. If, under such circumstances, he chose to take the risk of any injury to himself to prevent the escape of his hogs such risk was his own, and the defendant is not liable for any injury thus received."

The instructions given by the court for defendant are as follows:

1. "The court instructs you it is the duty of all persons being upon tracks of railroad over which engines and cars are moved, to use all reasonable care for their safety. If in transaction of business of a railroad company an injury from moving car results to a person on track who is not in exercise of that care and prudence a reasonably prudent man would take for his own safety, there can be no recovery against company for such injury.

2. "In this case, before plaintiff can recover he must show, by a preponderance of evidence, first, that he received the injury mentioned in the declaration; that it was caused by the negligent or willful act of defendant's servants while plaintiff was in exercise of reasonable care for his safety.

3. "Defendant, in furnishing car, did not become an insurer against accidents to Anderson in loading his hogs. It only became liable for negligent acts of its servants in management and operation of its trains. If you believe, from the evidence, that Anderson omitted to use due care and caution to prevent injury to himself or was guilty of any negligence contributory to his alleged injury, he can not recover and your verdict should be for defendant.

4. "Due care and caution, as used in these instructions, means such care and caution that a prudent man would use under like circumstances.

5. "Contributory negligence is where both parties are negligent. If you believe, from the evidence, plaintiff at time was not using due care and caution for his safety, such as a reasonably prudent man would use under similar circumstances, your verdict must be for defendant."

Instructions asked by defendant and refused are as follows:

8. "If you find or believe, from the evidence, that plaintiff, Anderson, had opportunity to avoid the alleged injury it was his duty to have so done, and it was no excuse for him that he did not try to avoid such injury for fear of the escape of his hogs.

9. "Unless you find, from preponderance of the evidence, that defendant was grossly negligent in handling its cars at the time of the alleged injury to plaintiff, your verdict must be for defendant.

10. "Though the jury may believe, from the evidence, that plaintiff was rightfully on track of defendant's road loading his stock or trying to shut the door of the car in which the stock had been placed for shipment, yet if the evidence further shows that plaintiff was aware that an engine and cars of defendant were being backed toward his stock car in time for him to get out of the way, it was his duty to have done so, and if the evidence shows plaintiff neglected such duty, and the injury resulted to him in consequence thereof, and which might have been avoided by precaution on his part, he cannot recover in this case and the verdict should be for defendant."

Wood Bros., (John G. Drennan, of counsel,) for appellant:

Before a recovery can be had for injuries from negligence, it must not only be alleged, but proved, that the party injured was at the time in the exercise of due care and caution for his own safety. Wharton on Negligence, sec. 421, p. 830; *Calumet Steel Co.* v. *Martin*, 115 Ill. 368, and cases cited; *Railroad Co.* v. *Jacobs*, 63 id. 178.

Negligence becomes a question of law where a fact uncontradicted or absolutely proven is conclusive of the right to recover. *Railway Co.* v. *Scates*, 90 Ill. 592; Cooley on Torts, (1st ed.) 666; *Schoenfield* v. *Railroad Co.* 74 Wis. 434; *Rothe* v. *Railroad Co.* 21 id. 258; *Goldstein* v. *Railway Co.* 46 id. 406; 4 Am. & Eng. Ency. of Law, 94.

So, also, where, from facts admitted or conclusively proven, reasonable minds have no reasonable chance of reaching different conclusions. Deering on Negligence, sec. 403; *Wabash Railway Co.* v. *Brown,* 152 Ill. 488; *Railroad Co.* v. *Miller,* 78 id. 280; 4 Am. & Eng. Ency. of Law, p. 94; Wharton on Negligence, sec. 420, p. 373.

One voluntarily placing himself in danger merely to protect property or to avoid inconvenience is so negligent as to preclude recovery for an injury received. *Hoth* v. *Peters,* 55 Wis. 412; Beach on Cont. Negligence, (3d ed.) sec. 44, p. 70; Deering on Negligence, sec. 23; Wharton on Negligence, sec. 382, p. 341; *Morris* v. *Railway Co.* 148 N. Y. 182; *Railroad Co.* v. *Hall,* 72 Ill. 224; *Eckert* v. *Railway Co.* 43 N. Y. 506.

Where one knowingly puts himself or his property in danger there is a presumption that he *ipso facto* assumes all risks reasonably to be apprehended from such a course of conduct. *Clayton* v. *Brooks,* 150 Ill. 97; Beach on Cont. Negligence, 37, 40.

S. F. Gilmore, and G. F. Taylor, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

*First*—It is assigned as error by the appellant company, that the court gave certain instructions for appellee, and refused certain instructions asked by appellant, and gave certain instructions asked by appellant, after the same had been modified by the court.

It is contended by the appellant, that the first instruction given for the appellee, the plaintiff below, is erroneous under the facts of the case. It is contended, that the first instruction, given for the appellee, is objectionable, because it permits the jury to determine whether or not the appellee was in the exercise of due care and caution for his own safety. Appellant takes the ground, that the acts of the appellee constituted negligence *per se,* and that, therefore, appellee was not entitled to recover

for the injury received by him.   It is charged, that appellee stepped from a place of safety on to the freight car, in which he had loaded his hogs, for the purpose of protecting his property while the local freight train was backing up against said car.  The objection thus assumes, that the appellee stepped upon or into the car, solely for the purpose of preventing his hogs from leaving the same and, thereby, of protecting his property.

There is testimony, tending to show that the appellee went into, or held on to, the car, where his hogs were, in order to save himself when the local train approached. He himself so swears.   If his purpose in stepping into the door of the car was, in part, to keep his hogs from escaping, it was, also, in part, to save himself from the effects of the approaching collision between the local freight train and the car in question.   It was, therefore, a proper question to be submitted to the jury, whether or not, when the accident occurred, he was in the exercise of due care and caution for his own safety.

It has been held that, if a person places himself in a position of danger merely to save his property, he is guilty of such negligence as will prevent him from recovering damages for a personal injury received in so doing. (Beach on Contributory Negligence,—3d ed.—secs. 44, 44*a*).   For example, where a man went upon a railroad track at a farm crossing, knowing that a train was approaching, for the purpose of endeavoring to save his cattle by getting them over the track before the train reached the crossing, he was held to be guilty of contributory negligence.   (*Morris* v. *Railway Co.* 148 N.Y. 182). So also, where the deceased left his horse and buggy standing in close proximity to a railroad track without being tied, and in consequence thereof the horse went upon the track, and the deceased, after he saw a train approaching, went upon the track for the purpose of attempting to save his property, and was struck by the train and killed, he was held to be guilty of contributory

negligence precluding recovery. (*McManamee* v. *Missouri Pacific Railway Co.* 135 Mo. 440). The doctrine, thus announced, does not, however, apply to the facts of this case. Here, the appellee was loading his hogs from the hog-pen on the side of appellant's railway track into one of appellant's cars by means of the stock chute and apron, then in use by him, by permission of the appellant company, and in pursuance of an arrangement and agreement theretofore made with the company. He had paid appellant for the car, and had a right to load it with his hogs for the purpose of shipping them to the market. The local freight train had come in on the main track while appellee was loading his hogs into the car on the side-track, and had stopped upon the main track at a distance of about thirty feet from the car, which appellee was loading. The evidence tends to show, that the servants of the appellant knew that appellee was loading the car on the side-track. The local freight train was moved forward to the north, and was backed through the switch on to the side-track while appellee was loading his hogs. The object of this movement on the part of the local freight train was to take on some wood upon the side-track. Appellee swears, that he did not know that it was a local freight train, but evidently supposed that it was the train which was to take up his car, and carry it with his hogs to Chicago. When he saw the freight train backing down towards the car, he threw back the apron connecting the stock chute with the car, and stepped into the car, and held on to the bar, a plank about six inches wide and two inches thick, across the open door space and about two and one-half feet from the floor of the car. The fireman saw the appellee, and saw what he was doing. The appellee signaled to the fireman twice, and then hallooed to him with the view of inducing him to slacken the speed of the approaching train. The fireman was upon the same engine with the engineer, and, by giving the latter notice, could have re-

tarded the movement of the train. But he did not do so. The result was the collision between the approaching freight train and the loaded car, which was so violent as to throw the appellee from the car to the ground and injure him.

The appellee had no reason to suppose, that, in reply to his signals, the motion of the car would not be so slackened, as to make the concussion slight, and not violent. He had a right to be in the car. Whether or not he should have remained upon the stock chute, or jumped to the ground, or whether he ought to have stepped into the car as he did, may be a question about which prudent and careful men may differ. He had loaded his stock into the car, and was endeavoring to fasten the door of the car, which he could not do under the circumstances without stepping into the car.

Even if, by stepping into the car, he assumed a risk, allowance may be made for the excitement under which he acted. (Beach on Contributory Negligence, sec. 44). The fact, that a person voluntarily takes some risk, is not conclusive evidence, under all circumstances, that he is not using due care; and, where a plaintiff is suddenly placed in a position of peril without sufficient time to consider all the circumstances, the law does not require of him the same degree of care and caution, as it requires of a person who has ample opportunity for the full exercise of his judgment and reasoning faculties. Especially is this so, where the peril has been caused by the fault of the defendant. (*Dunham Towing and Wrecking Co.* v. *Dandelin*, 143 Ill. 409). In *Wesley City Coal Co.* v. *Healer*, 84 Ill. 126, we said: "It has long been settled, that a party, having given another reasonable cause for alarm, cannot complain that the person so alarmed has not exercised cool presence of mind, and thereby find protection from responsibility for damages resulting from the alarm."

Here, the appellee was placed in a position of danger by the act of the appellant's servants in backing a freight

train against the car which he was loading, while he was so engaged in loading it; and, inasmuch as it may be doubtful whether the proper course to be pursued by the appellee was to jump from the chute to the ground, or to step upon the car, the question, whether he was in the exercise of proper care and caution for his own safety, was one which was proper, under the circumstances, to be submitted to the jury. It was so submitted by the first instruction given for the appellee.

It cannot be said that the act of the appellee in stepping upon the car was negligence *per se,* or negligence as matter of law. The question of contributory negligence is not one of law for the court, unless the facts are undisputed, and only one inference regarding the care of the plaintiff can be drawn from them; it is a question for the jury when the facts are disputed, or more than one inference can be drawn from them as to the care, or want of care, of the plaintiff. (4 Am. & Eng. Ency. of Law, p. 94). Negligence is ordinarily a question of fact; and it is certainly a question of fact where the evidence as to the material facts is conflicting, or where, in a conceded state of facts, a different conclusion would reasonably be reached by different minds. It only becomes a question of law where, from facts admitted or conclusively proven, "there is no reasonable chance of different reasonable minds reaching different conclusions." (*Cicero and Proviso Street Railway Co.* v. *Meixner,* 160 Ill. 320; *Wabash Railway Co.* v. *Brown,* 152 id. 484; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 id. 586). We cannot say, that, under the circumstances here detailed, the conclusion of negligence results necessarily from the statement of the facts. We are, therefore, of the opinion that the trial court did not err in not holding that the facts established negligence as a matter of law.

In addition to what has been said, it may be remarked that there was no error in giving the first instruction, which was given for the appellee, in view of the fact

that similar instructions were asked by the appellant and were given for it by the court, as may be seen by reference to the instructions given by the court for the defendant as set out in the statement of facts preceding this opinion. The defendant has no right to complain of error in an instruction given for the plaintiff, when like error appears in an instruction given at his own request. (*Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614).

We see no reason for the reversal of the judgment on account of the second instruction given for appellee, which requires the jury to believe from a preponderance of the evidence, that the plaintiff has established every material allegation of his declaration. The Appellate Court correctly says of it, that, if "it was general, the instruction that immediately followed it was full and specific, and more than covered the point embraced in the second."

The court committed no error in modifying instructions 6 and 7 asked by the appellant, by adding thereto the requirement of knowledge on the part of the plaintiff that he was in a position which was perilous and fraught with danger to his own safety. Where a person exposes himself to injury, with knowledge of the danger to which he is so exposed, and, as the result of such exposure, receives injury, his knowledge of the danger will presumptively establish contributory negligence. But this presumption is not conclusive; it is disputable, and may be rebutted by evidence as to the exercise of ordinary care under the circumstances of the particular case. (*Village of Clayton* v. *Brooks*, 150 Ill. 97). Knowledge of danger does not always constitute contributory negligence, but surely where one has no knowledge of the danger, it can not be said that he is guilty of contributory negligence.

Instruction No. 6, as asked by the appellant, and before it was modified by the court, omitted from the consideration of the jury the question, whether the rate of speed, with which the approaching engine was coming,

184—20

was such as to awaken reasonable apprehension of peril. The appellee did not know positively, that the motion of the approaching train would not be so slackened before the train reached the loaded car, as not to cause a violent concussion.

The eighth instruction asked by the defendant and refused by the court, assumes that appellee made no effort to avoid the alleged injury for fear of the escape of his hogs. The ninth instruction, asked by the appellant and refused by the court, required the jury to find that the appellant was guilty of gross negligence, whereas appellant was liable for the injury, if it was guilty of such negligence as caused the injury, whether it was gross or not. The tenth instruction, asked by the defendant and refused by the court, was erroneous as invading the province of the jury by withdrawing from them the consideration of the circumstances surrounding appellee at the time of the accident. It was for the jury to say, whether or not the circumstances were such that the appellee should have remained on the stock chute or jumped therefrom, instead of entering the car.

*Second*—Appellant complains that the court erred in refusing to admit evidence offered by it upon the trial. The evidence, so offered and excluded by the court, was a contract between the appellant company and the appellee to transport ninety-six hogs to Chicago at eight cents per one hundred pounds. The contract specified, that the car had been examined and accepted by the shipper as in proper condition, and was in charge of the shipper and his agents; that the shipper assumed the duty of loading, unloading, feeding and watering his hogs at his own expense and risk; that the company should not be liable for any injury the animals might do one another or themselves, or for any damage whatever not resulting from the gross negligence of the company; that the owner was to feed, take care of and water the stock at his own risk; and that the owner was to have free

transportation, and to ride in the caboose, at his own risk from any cause whatever, except the gross carelessness of the company.

Whether the court erred or not in excluding this contract, we are unable to see how the appellant company was injured thereby. No recovery is sought upon the ground that the car, which was loaded with appellee's hogs, was defective in any respect; nor was any recovery sought upon the ground of any alleged injury to the hogs, or any loss of any of them. So far as the contract exempted the company from liability for any injury to the appellee, except such injury as might be the result of gross carelessness on the part of the company, the contract was void. A person, who travels with the consent of a railroad company on a freight train in charge of stock or goods carried by the company for him, is a passenger; and a railway company cannot exempt itself from the exercise of care and diligence in conveying its passengers, and cannot, by contract, limit its liability for injuries to passengers to gross negligence alone. The company is responsible for any degree of negligence, which is sufficient to cause the injury, whether the negligence be called gross or ordinary. (*Illinois Central Railroad Co.* v. *Beebe*, 174 Ill. 13). In this case, the issue was whether appellee was exercising due care under the circumstances as shown by the evidence, and whether the appellant company was exercising such caution, at the time, as a prudent person should observe for the safety of another under such circumstances. The introduction of the contract in question could not have had the effect of throwing any light upon the issue thus made; and, therefore, the refusal to admit it in evidence did the appellant no harm.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, dissenting.