## John McNulta, Receiver, etc., v. Anders Norgren.

1. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—The question of contributory negligence is not one of law for the court, unless the facts are undisputed, and only one inference regarding the care of the plaintiff can be drawn from them; it is a question for the jury when the facts are disputed, or more than one inference can be drawn from them as to the care, or want of care, of the plaintiff.

**Action in Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

KENESAW M. LANDIS, attorney for plaintiff in error; SOL ROSENBLATT, of counsel.

J. R. BECKETT and KITT GOULD, attorneys for defendant in error.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This writ is prosecuted to reverse a judgment for $975 recovered against the plaintiff in error by the defendant in error in the Circuit Court of Cook County, for personal injuries claimed by defendant in error to have been received by him in a collision with a trolley car being operated by plaintiff in error at the corner of 110th street and Michigan avenue, Chicago, a little after 10 P. M., July 6, 1897.

At the northeast corner of Michigan avenue and 110th street is a building occupied as a Salvation Army barracks. In Michigan avenue, extending north and south of 110th street, are two tracks of the Calumet Electric Street Railway, the west track used by south-bound cars, and the east track used by north-bound cars. These tracks are laid toward the east side of Michigan avenue so that the east rail of the east track is about six and a half feet from the edge of the east sidewalk; the distance from the Salvation

Army hall to the east rail of the south-bound or west track is thirty feet.

The theory of the defendant in error was, that as he came out of the Salvation Army hall to go to his home on Wabash avenue he stopped on the east sidewalk and waited for an approaching north-bound car (at that time one-half block south of 110th street) to pass by; that as soon as this car passed the north side of 110th street, defendant in error started across toward the west side of Michigan avenue, walking on the north side of 110th street; that he got over the north-bound track on to the south-bound track, when a south-bound car bore down upon him at a negligently high rate of speed (without ringing the bell or giving any signal) and struck him.

For the plaintiff in error it was maintained that the car coming from the north was not running at an improper rate of speed, but was in fact under control, and was brought to a stop at the south side of 110th street to let off a passenger who had notified the conductor to let him off at that point; that the bell on the south-bound car was being rung approaching 110th street; that the headlight was burning and that the north-bound car (which defendant in error had waited to let pass) met the south-bound car from fifty to 200 feet north of 110th street; that the night was perfectly clear and that there were no vehicles or other things on the street to obstruct the view of the approaching south-bound car either before or after the passage of the north-bound car; that his injury was the result of his own failure to take ordinary care for his own safety; that the car did not run into the defendant in error, but, on the contrary, the defendant in error ran into the gate on the east side of the car at the forward end.

Counsel for plaintiff in error in his brief, states:

"The points which it is desired to present to this court are that at the trial the plaintiff failed to show—

1st.    That he was in the exercise of ordinary care for his own safety:

2d.    That the accident was not the result of any negligence on the part of the defendant's employes."

The case was tried before a jury, and a motion for a new trial was overruled and a judgment entered on the verdict. It will be noticed that the only questions presented to this court for its consideration are questions of fact.

Upon each of those questions of fact the testimony is conflicting. No complaint is made relating to the admission or exclusion of testimony, or as to the giving or refusing of any instruction, or as to the sufficiency of the declaration, or any decision or ruling by the trial court.  In other words, no question of law is presented for the consideration of this court.  It has been many times held by reviewing courts in this State that it is not ordinarily the province of such courts to revise the verdict of a jury where the testimony is conflicting, and where honest minds might reasonably arrive at different conclusions.  The most recent definite utterance of the Supreme Court of this State upon this point which has come to our notice is in I. C. R. R. Co. v. Anderson, 184 Ill. 294, 304, where that court say :

"It can not be said that the act of the appellee in stepping upon the car was negligence *per se*, or negligence as matter of law.   The question of contributory negligence is not one of law for the court, unless the facts are undisputed, and only one inference regarding the care of the plaintiff can be drawn from them; it is a question for the jury, when the facts are disputed, or more than one inference can be drawn from them as to the care, or want of care, of the plaintiff.  (4 Am. & Eng. Ency. of Law, p. 94.)  Negligence is ordinarily a question of fact; and it is certainly a question of fact where the evidence as to the material facts is conflicting, or where, in a conceded state of facts, a different conclusion would reasonably be reached by different minds.   It only becomes a question of law where, from facts admitted or conclusively proven, ' there is no reasonable chance of different reasonable minds reaching different conclusions.'  Cicero and  Proviso Street Railway Co. v. Meixner, 160 Ill. 320;  Wabash Railway Co. v. Brown, 152 Id. 484; Chicago and Eastern Illinois Railroad Co. v. O'Conner, 119 Id. 586.  We can not say, that, under the circumstances here detailed, the conclusion of negligence results necessarily from the statement of the facts.  We are therefore of the opinion that the trial court did not err in not holding that the facts established negligence as a matter of law."

To apply the first sentence of the above quotation to the case at bar, it can not be said that the act of the defendant in error in stepping upon the south-bound track was negligence *per se*, or negligence as matter of law. Neither can it be said, as matter of law, that the injury to defendant in error was not the result of negligence on the part of employes of plaintiff in error. The law being as stated, this court can not interfere with the judgment of the court below upon the record in this case. There is no contention or intimation that the jury was influenced in arriving at a verdict by either passion, prejudice or fraud.

There being no question of law before the court in this case, and as we can not supervise or interfere with the verdict of the jury even if we were inclined so to do, the judgment of the Circuit Court is affirmed.