## Pennsylvania Company and Pennsylvania Railroad Company v. Louis P. Greso.

1. RAILROADS—*Shippers Traveling in Charge of Cattle on a Drover's Pass.*—A person traveling on a railroad train in charge of cattle on a drover's pass, is a passenger for hire, the consideration for his passage being the service he renders in taking care of the cattle, and he is entitled to the same degree of protection and care as are other passengers for hire.

2. SAME—*Degree of Care of Passengers for Hire.*—Ordinarily, carriers of passengers, while not insurers of absolutely safe carriage, are held to the exercise of the highest degree of care, skill and diligence practically consistent with the efficient use of the mode of transportation adopted.

3. SAME—*Liability When Operating Trains on Other Roads.*— Where one railroad company is operating its trains upon the track of another by an arrangement between them, both companies are equally liable for the negligent acts of their employes.

4. PASSENGERS—*Upon Railroads, Who Are.*—A person who travels upon a freight train, with the consent of the railroad company, in charge of freight carried by such company for hire, is a passenger, and the company can not exempt itself from the exercise of care and diligence in conveying him, nor limit its liability for injuries, to gross negligence alone. It is responsible for any degree of negligence which is sufficient to cause the injury, whether such negligence is gross or ordinary.

5. PRACTICE—*Instructions to be Presented in Apt Time.*—It is within the reasonable discretion of the judge of a trial court to refuse instructions which are not offered in apt time, as required by the rules of his court.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

GEO. WILLARD and W. D. BARGE, attorneys for appellants.

BRANDT & HOFFMAN and SAMUEL K. MARKMAN, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This case has been tried twice, and has been once before in this court upon appeal. The verdict at the first trial was

for $15,000, in appellee's favor, and the same was remitted down to $8,000, for which judgment was entered. This court, on appeal, reversed that judgment, on the ground the verdict was so excessive as to warrant the conclusion that it was the result of passion, prejudice, misconception, or undue sympathy with appellee on the part of the jury; and it was held that the remittitur did not cure the vice of the verdict.

The verdict at the last trial was for $10,000, and judgment was entered thereon. It is from that judgment this appeal is prosecuted.

The facts and circumstances of the accident are fully shown in the opinion of the court filed on the first appeal (written by Mr. Justice Adams, reported in 79 Ill. App. 127), and need not be repeated here; and it was there held that appellee, traveling in charge of cattle on a drover's pass, as he was in this case, was a passenger for hire, and entitled as such to that degree of protection and care by appellant which the law surrounds him with, the rule being stated thus :

" Ordinarily, carriers of passengers, while not insurers of absolutely safe carriage, are held to the exercise of the highest degree of care, skill and diligence practicably consistent with the efficient use of the mode of transportation adopted."

The holding of the court on the former appeal relieves us of any occasion to discuss whether appellee was a passenger for hire or not, and we will content ourselves by a reference to that opinion, and by a simple holding that he was such a passenger.

It is next argued that the exclusion by the trial court of the contract of shipment of the cattle which appellee had charge of, was error. We agree with the Superior Court that the contract excluded was immaterial. That part on the back, which was signed by appellee as the "man in charge" of the stock, purported to be a waiver of and release to the company of all claims and liabilities which he might sustain on account of any personal injury while in charge of the stock, whether caused by the negligence

of the carrying company or otherwise, and was expressly held, on the first appeal, to be inadmissible.

The fact, if such it be, that the other parts of the excluded document showed that it was a contract between the carrier and the shipper to confine the liability of the carrier to its own line, would not alter the question as to the admissibility of the entire document. If the waiver by appellee was void and not competent as evidence, anything, upon which it might be inferentially founded, was not material or admissible.

Appellant says the question was not raised upon the former appeal, and that it is not *res judicatâ* under the decision then announced. But we think the reasoning of the court, at least, in that case, applies to this question, whether the precise question was there raised or not.

There is other authority, also, besides that cited by Mr. Justice Adams on the question.

In I. C. R. R. Co. v. Anderson, 184 Ill. 294, a shipper of live stock signed a contract exempting the company from liability for any injury he might suffer. He was injured, and brought suit for the injury. The company offered the contract in evidence as matter of defense, but it was ruled out. In approving this action of the court below, the Supreme Court said:

" So far as the contract exempted the company from liability for any injury to the appellee, except such injury as might be the result of gross carelessness on the part of the company, the contract was void. A person who travels with the consent of a railroad company in a freight train in charge of stock or goods carried by the company for hire, is a passenger; and a railroad company can not exempt itself from the exercise of care and diligence in conveying its passengers, and can not by contract limit its liability for injuries to passengers for gross negligence alone. The company is responsible for any degree of negligence which is sufficient to cause the injury, whether the negligence be termed gross or ordinary. (Illinois Central R. R. Co. v. Beebee, 174 Ill. 13.) In this case the issue was whether appellee was exercising due care under the circumstances as shown by the evidence, and whether the appellant company was exercising such caution, at the time, as a prudent

person should observe for the safety of another under such circumstances. The introduction of the contract in question could not have had the effect of throwing any light upon the issue thus made, and therefore the refusal to admit it in evidence did the appellant no harm."

We do not appreciate the distinction made by appellants, between the cases referred to above, and one when, according to the rejected evidence, the passenger for a valuable consideration released one or both of the defendants from a certain measure of their common law liability.   I. C. R. R. Co. v. Anderson, *supra.*

On the former appeal, it was expressly decided, in view of the insistence by appellant that the Pennsylvania Railroad Company was not liable because it did not operate the train on which the accident happened, that the train was being operated by the employes of the Pennsylvania Company on the track of the Pennsylvania Railroad Company by some agreement or arrangement between the two companies— certainly by the permission of the latter company, and that both companies were equally liable.   (Citing Penn. Co. v. Ellett, 132 Ill. 654.)   The proposition is sustained by other authorities also.   P. C. & St. L. Ry. Co. v. Campbell, 86 Ill. 443; Chicago and Erie R. R. Co. v. Meech, 163 Ill. 305.

The contention of appellants that error was committed by the trial court in excluding evidence offered to show that by the law of Pennsylvania the delivery of freight into the custody of a connecting carrier at its freight station, constitutes a delivery such as will relieve the first carrier, needs only to be answered by saying that in this case both the first and the next carriers were equally liable, as has been seen.

The other contentions, that errors were committed by the court in various rulings, with respect to the evidence, do not seem to us to merit special consideration.

Many of the errors claimed to have been committed by the court in the matter of instructions refused and given, apply to a series of six instructions that were offered by the appellants after appellee's argument to the jury was ended, and were refused, the court remarking at the time that he had " no time to examine them."

A rule of the Superior Court (Rule 24) provides as follows: "All instructions must be presented to the court at the conclusion of the taking of the evidence." We have no doubt it was within the reasonable discretion of the court to refuse the instructions so offered. Most of them related to matters as well known to counsel before the evidence closed as after appellee's argument was made. At all events they were offered too late, and were properly refused by the court in the exercise of his discretion.

As to the refusal of the court to give six other instructions offered by appellants, some of them in behalf of one or the other or both defendants, there is no argument or suggestion made by appellants to support their theory that the court erred in its refusal of them. It is simply said the court erred in its refusal of them. We may well decline to consider them. But it may be added that the ninth instruction, for both defendants, that was given, seems to cover the same points sought to be covered in three of the six that were refused. Said ninth instruction, given in behalf of both defendants, was as follows:

" The court instructs you that railroad companies have a legal right to operate stock trains, and to carry passengers upon them; and in so doing they are required to use only such equipment as is suitable for the safe operation of a stock train. They are not required to have such a train equipped with appliances such as are useful and necessary in handling passenger trains; and in operating such stock trains they are not required to start, move or stop them with the same degree of care for the safety or convenience of the passengers thereon as is exacted of them in the management of passenger trains. And if you believe from the evidence in this case that the plaintiff was injured while riding upon a stock train operated by one or both of the defendants, or while it was upon the track of one or both of the defendants, and if you further believe from the evidence that such train was then properly equipped for use as such stock train, and that the defendant, who was then moving said train, started, moved and stopped the train as prudently and carefully as such a train so equipped could be started, moved and stopped, then you should find both defendants not guilty."

We do not see wherein this instruction failed to be all that appellants were entitled to, on the points sought to be covered by three of the instructions that were refused.

It is said by appellants that error was committed in the giving of the only instruction asked by appellee, as follows:

"The jury are instructed that they, the jury, are the sole judges of the questions of fact in this case, and they should determine the same from the evidence in the case. The court does not mean by any instruction given to the jury to tell them how they shall find any fact in the case, the finding of the facts being exclusively within the province of the jury. The jury should not be influenced as to the facts by any assertion or statement of counsel on either side of the case unless the same is sustained by the evidence in the case."

And their only comment in support of the claimed error is as follows:

"It will be seen that by the giving of this instruction and the refusal of the foregoing instruction marked 'e,' asked by the defendants, the jury were left to understand that they were the sole judges of the questions of fact, and that plaintiff's counsel was the sole judge of the questions of law."

The refused instruction marked "e" referred to, is as follows:

"(e)   The jury are instructed that as regards the law of the case the jury must be governed entirely by the instructions of the court, and in no respect by the statements of counsel."

The criticism of counsel does not seem to us to be well-founded, if we understand it correctly. The instruction appears to us to be right, and not subject to the criticism of counsel that the jury were left by it to understand that plaintiff's counsel was the judge of the questions of law.

On the facts in evidence, we see no escape from the verdict. As we have already seen, the plaintiff was a passenger for hire, and a jury has twice found that the defendants were guilty of the negligence charged in the declaration,

and that the plaintiff was in the exercise of due care and
caution for his own safety.

The amount of damages awarded by the jury has at each
trial been larger than the amount of the judgment entered
at the first trial. We are unable to discover any material
error of law in the record and our conclusion is that the
judgment must be affirmed.