## People's Gas Light & Coke Co. v. Fred J. Amphlett.

1. NEGLIGENCE—*Liability of Gas Companies for Injuries Caused by Escaping Gas.*—The mere fact of the ownership by a gas company of gas in pipes for illuminating purposes, does not, of itself, render such company liable for injuries caused by escaping gas, if the company is in no manner guilty of negligence.

2. SAME—*What is Not Contributory Negligence per se.*—The act of a party, occupying a flat, who perceives the odor of escaping gas, and enters an adjoining vacant apartment without permission, lights a match to aid him in ascertaining the source of the escaping gas and causes an explosion by which he is injured, can not be said, as a matter of law, to constitute *per se* such contributory negligence as will prevent a recovery for such injuries.

3. VERDICTS—*When Not Against the Manifest Weight of the Evidence.*—The court can not say that a verdict, finding, in effect, in view of all the facts and circumstances of the case, that a party suing for personal injuries was not guilty of a want of ordinary care for his personal safety, is against the manifest weight of the evidence, where reasonable men of fair intelligence might differ as to such conclusion. The question is one peculiarly within the province of the jury and for their determination.

4. TRESPASSERS—*Where Occupants of Flats Are Not.*—An occupant of a flat who discovers in his apartment the odor of escaping gas and enters an adjoining unoccupied apartment without permission of the landlord for the purpose of discovering the source of the difficulty, does not, by so doing, become a trespasser to such an extent as to affect his right of recovery for injuries received while in such apartments.

5. PHOTOGRAPHS—*Competency of, as Evidence.*—Photographs of an injured person, taken soon after the injury, and shown by testimony to be correct representations of such party as he appeared at the time, are competent as evidence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed February 14, 1901.

Statement.—This suit was brought by appellee to recover damages for personal injury sustained, as is charged, through negligence of appellant.

Appellee, with his family, occupied a suite of rooms, or flat, in an apartment house in Chicago. This building was supplied with gas manufactured and furnished by appellant. Upon the day of the injury appellee noticed the odor of escaping gas in the apartment occupied by him, and finding that there was no leak in the pipes there, he started out to discover the source of the trouble elsewhere in the building. For this purpose he went to the flat directly above his own. This flat was unoccupied, and he entered it through a window. His testimony is that he examined the pipes in the kitchen and found no escaping gas. He then went to the bath room. He states that as he approached the bath room the odor grew stronger and he thought that he was nearing the seat of the trouble. The meter had been removed in this bath room and the disconnected pipes were at some height from the floor. A window in the bath room was open. Appellee lighted a match and stepping upon the bath tub began to raise the lighted match toward the pipes, when an explosion occurred by which appellee was seriously injured. One of the pipes, which had been disconnected from the meter when the meter had been removed, was uncapped and open, and the gas had escaped from this pipe into the room. The arrangement of the gas pipes was the same in the flat occupied by appellee and in the flat where the injury occurred. That arrangement was as follows : There was a " riser " running from the basement to the top of the building which conveyed the gas from appellant's mains into the building. From this " riser " connections in the various flats were made with fuel and illuminating gas meters—one meter for each kind of gas. From the fuel meter in each flat a pipe ran to the kitchen stove for the

purpose of supplying fuel gas to the gas range. From this pipe a connection in each flat was made with a single pipe running down through each apartment into the basement and connected there with a laundry stove, and in the kitchen of each flat there was a stop-cock or valve for the purpose of shutting off the gas or allowing it to pass from the fuel meter in each flat through this pipe into the basement. This construction was for the purpose of allowing each tenant to use his separate fuel gas when using the laundry stove. When one of the tenants desired to use the laundry stove the stop-cock in the kitchen of his flat, upon the pipe leading to the laundry stove, was turned on. This allowed the gas to go down this pipe through the fuel meter into the laundry stove in the basement. When the stop-cock was turned off it not only prevented gas from going through the meter in the particular apartment to the laundry stove below, but also prevented gas from passing up through the pipe when one of the other tenants was using the laundry stove.

At the time of the injury the stop-cock in the kitchen of the empty flat was open and this pipe which led to the laundry stove was uncapped.

The injury occurred upon the 8th of August, 1898. On the 19th of the preceding month, July, the appellant sent a gasfitter and his helper, both in appellant's employ, to remove the meters in the unoccupied flat, those meters being the property of appellant. These two employes of appellant testify positively, that upon removing the meters they placed caps upon the disconnected pipes, including the pipe in question. In this they are not contradicted, nor were these witnesses in any manner impeached. The assistant janitor of the apartment house testifies that soon after the meters were removed the odor of escaping gas had been noticed in the building; that he had gone into the unoccupied flat and opened the windows of the dining room and the kitchen; that on the evening of the same day, a Monday, he returned to the flat, closed the windows, and that then there was no odor of gas; that the following day he examined again and

discovered no odor; that afterward he went into the bath room in question and there was then no odor noticed by him.   This was all after the meters had been removed and before the injury.

Appellee is a retail druggist, a graduate in pharmacy, and to that extent a practical chemist.   He testified that he was familiar with the explosive properties of such gas.

The issues were submitted to a jury and a verdict resulted for appellee, assessing his damage at $5,000.   From judgment upon the verdict the appeal here is prosecuted.

WINSTON & MEAGHER, attorneys for appellant; FREDERICK R. BABCOCK and RALPH M. SHAW, of counsel.

In order to recover in an action for personal injuries, the plaintiff must show himself to be free from contributory negligence.   Even if the defendant is guilty of negligence, yet if the plaintiff has by his negligent acts caused or contributed to the injury in any degree, he is not entitled to recover.   Calumet I. & S. Co. v. Martin, 115 Ill. 358; L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546; C. C. Ry. Co. v. Canevin, 72 Ill. App. 81; N. J. Exp. Co. v. Nichols, 33 N. J. L. 439; C. C. Ry. Co. v. Fennimore, 78 Ill. App. 478; Atkins v. Lackawanna Trans. Co., 79 Ill. App. 19; affirmed, 182 Ill. 237; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416.

Where the conduct of the party whose duty it is to use due care is so clearly and palpably negligent that all reasonable minds would so pronounce it, without hesitation or dissent, it is the duty of the court to give a judgment for the defendant.   Hoehn v. C. P. & L. Ry. Co., 152 Ill. 223; Werk v. Ill. Steel Co., 154 Ill. 427; Thorsell v. C. C. Ry. Co., 82 Ill. App. 375; Abend v. Railroad Co., 111 Ill. 202; Simmons v. C. & T. R. R., 110 Ill. 340.

Where one is familiar, by long experience, with gases, and knows the constituent parts and properties of illuminating and fuel gas, he is presumed to know that there is danger of an explosion if a light is brought in contact with a quantity of such gas, which may have accumulated within a small space.   If such an expert in gases enters a room,

believing that there is a quantity of such gas accumulated therein, discovers such to be the fact, and under such circumstances strikes a match (the striking thereof not being necessary for the preservation either of life or property), and as a result thereof an explosion is caused and he is injured, then such expert is guilty of such negligence as will prevent his recovery for injuries in an action for damages brought therefor—and this, even though it should be proved that the party responsible for the pipes through which the gas escaped, if it did escape, was negligent in respect to their condition. Lanigan v. N. Y. Gas Light Co., 71 N. Y. 29; O. C. Gas Co. v. Robinson, 99 Pa. St. 1; McClafferty v. Fisher, 1 Cent. Rep. 571; Bartlett v. Boston Gas Light Co., 117 Mass. 533; Mitchell v. Stewart, 187 Pa. St. 217; 40 Atl. 799; McGahan v. Indianapolis Gas Co., 140 Ind. 335; 37 N. E. 601; Consolidated Gas Co. v. Crocker, 82 Md. 113; 31 L. R. A. 785; Brown v. New York Gas Light Co., Anthon, N. P., 351, 355.

A person who, voluntarily, and under no immediate necessity for the preservation of life or property, exposes himself to a danger which might, with the exercise of care and prudence, have been avoided, can not recover against another, even though the latter may have been guilty of negligence. Mandel v. Wheeler, Adm'r, 59 Ill. App. 459; C. & N. W. Ry. Co. v. Holdom, Adm'r, 66 Ill. App. 201; E. J. & E. Ry. Co. v. Docherty, 66 Ill. App. 17; I. C. R. R. Co. v. Oberhoefer, 76 Ill. App. 672; Berg v. Great Northern Ry. Co., 70 Minn. 272; 73 N. W. 648; Andseth v. Great Northern Ry. Co., 70 Minn. 272; 73 N. W. 648; U. S. Express Co. v. McCluskey, 77 Ill. App. 56; City of Chicago v. Richardson, 75 Ill. App. 198; I. C. R. R. Co. v. James, 67 Ill. App. 649; Siegel, Cooper & Co. v. Becker, 83 Ill. App. 600.

The plaintiff was at most a licensee upon the premises where the accident occurred, and as such the duty of the gas company was not the same to him as if he had been upon his own premises. Gibson v. Leonard, 143 Ill. 182; O., C. C. & St. L. Ry. Co. v. Ballentine, 28 C. C. A. 572; 84

Fed. 935; Sullivan v. B. & A. R. R. Co., 156 Mass. 378; 31 N. E. 128; C. & A. Sm. & Ref. Co. v. Collins, 43 Ill. App. 478.

Where photographs are not substantially necessary or instructive to show material facts or conditions, and are of such a character as to arouse sympathy or indignation, or divert the minds of the jury to improper or irrelevant considerations, they should be excluded.   Selleck v. City of Janesville (Wis.), 80 N. W. Rep. 944; Fore v. The State, 75 Miss. 727; 23 So. Rep. 710; Gilbert v. Railway Co., 160 Mass. 403; 36 N. E. Rep. 60; Dobson v. City of Philadelphia, .7 Penn. District Reports, 321.

THEODORE G. CASE and JOHN T. MURRAY, attorneys for appellee; A. W. BROWNE, of counsel.

A party giving another a reasonable cause for alarm can not complain that the person so alarmed has not exercised cool presence of mind, and thereby find protection from responsibility for damages resulting from the alarm, when he is guilty of negligence or violation of law contributing to the injury.   Wesley City Coal Co. v. Healer, 84 Ill. 126; Ill. Central R. R. Co. v. Anderson, 184 Ill. 294.

Where a person is placed in a position of peril without sufficient time to consider all the circumstances, the law does not require of him the same degree of care as it requires of a person who has ample opportunity for the full exercise of his judgment.   Dunham Towing and Wrecking Co. v. Dandlin, 143 Ill. 409.

Negligence is ordinarily a question of fact, and it is certainly a question of fact where the evidence as to the material facts is conflicting, or where, in a conceded state of facts, a different conclusion would reasonably be reached by different minds; it only becomes a question of law where, from facts admitted or conclusively proven, there is no reasonable chance of different reasonable minds reaching different conclusions.   Ill. Cen. R. R. Co. v. Anderson, 184 Ill. 304; Cicero & Proviso St. Ry. Co. v. Meixner, 160 Ill. 320; Wabash Ry. Co. v. Brown, 152 Ill. 484; C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586.

In cases of gas explosions it is not necessarily negligence to light a match or use a light, and whether it was so or not under the particular circumstances of the particular case is a question for the jury to pass upon and not for the court. Schmeer, Adm'r, v. Gas Light Co. of Syracuse, 147 N. Y. 529; Plonk v. Jessop, 178 Pa. State, 71; Louisville Gas Co. v. Gutenkuntz, 82 Ky. 432.

Where human life is at stake the law does not require such a high degree of diligence as in ordinary cases and the question of care under such circumstances is exclusively for the jury. Pa. Co. v. Langendorf, 13 L. R. Ann. 190; Linnehan v. Sampson, 126 Mass. 506; Eckert v. L. I. R. R. Co., 43 N. Y. 503; Beach on Contributory Neg., Sec. 42.

The question of due care in the case at bar is one exclusively for the jury. Consolidated Coal Co. v. Bokamp, 181 Ill. 9; Barnes v. Western Wheel Works, 84 Ill. App. 653.

Mr. Justice Sears delivered the opinion of the court.

This appeal presents two questions of controlling importance, viz.: First, does the evidence warrant a finding that there was negligence of appellant which was a proximate cause of the injury; and second, does the evidence establish negligence of appellee contributing to the injury, and hence barring a recovery. We are of opinion that the first question must be answered in the negative. The only evidence connecting appellant with the injury is, that which shows that the gas supplied through the pipes was the property of appellant, and that it owned the meters and had removed them several weeks prior to the explosion. The mere fact of the ownership of the gas would not of itself impute a liability for injury caused by its escape if appellant was in no manner at fault for such escape. The testimony of two witnesses, uncontradicted and unimpeached, established that at the time of the removal of the meters and the disconnecting of the pipe in question, the employes of appellant left it properly capped and hence safe. The evidence discloses that the unoccupied flat was left unlocked and

open to the entrance of any passer-by.  Upon this evidence
we can not say that there is sufficient evidence to sustain
the verdict, finding, as it does in effect, that appellant is
liable by reason of having left the pipe uncapped or imper-
fectly secured.  The decided weight of the evidence is to
the contrary.  Whatever inferences might be drawn from
the fact that the assistant janitor on a Monday, which was
presumably washing day of some family in the building, and
was shortly after the removal of the meters, discovered
escaping gas, and after that day did not observe it again,
can not be treated as overcoming the positive and uncontra-
dicted testimony of two unimpeached witnesses.  The ver-
dict is hence against the manifest weight of the evidence,
and can not be permitted to stand in support of the judg-
ment.

Upon the second proposition, we are of opinion that the
evidence is not such that it should be said to show conduct
of appellee which, as a matter of law, constitutes *per se* con-
tributory negligence.  It is true that appellee, an expe-
rienced chemist, well aware of the dangerous properties of
this gas, went into a room where its presence was detected
by him, and held a lighted match toward the apparent
source of the escaping gas, and thereby caused the explosion.
But there are other facts from which it might be concluded
that in so doing there was no lack of the ordinary care
exercised by reasonable-minded men.  A window near the
pipes was open.  He might have well concluded that it was
impossible for gas to collect in dangerous quantities in a
room thus open.  We can not say that all reasonable minds
must agree that this conduct constituted contributory neg-
ligence.  Hence that issue was one to be submitted to a
jury.  There is a line of decisions in cases somewhat like
this one, where it has been held that going with a light into
a room where gas is evidently collected in considerable
quantity, does constitute contributory negligence, and that
hence in such cases no recovery can be sustained.  Of such
are the following, cited and relied upon by counsel for
appellant:  Lanigan v. N. Y. Gas Light Co., 71 N. Y. 29;

Consol. Gas Co. v. Crocker, 82 Md. 113; Oil City Gas Co.
v. Robinson, 99 Pa. St. 1; Mitchell v. Stewart, 187 Pa. St.
217; Bartlett v. Boston Gas L. Co., 117 Mass. 533; McGahan
v. The Indianapolis N. Gas Co., 140 Ind. 335.

But in the Lanigan case and in the Crocker case, in
spite of the strong announcements of the law by the courts
of review, yet the question of whether the conduct of the
plaintiff constituted contributory negligence was after all
left to triers of fact, in the former case a referee, and in
the latter a jury. And in the Robinson case the Pennsylva-
nia court did not hold that a recovery was necessarily
barred upon the facts, but ordered a new *venire.* In the
Mitchell case it appeared that the plaintiff knew of the dan-
gerous condition, that he had been specifically warned against
approaching the place with a light, and yet persisted in so
doing to his own injury; and the court in that case sus-
tained the action of the trial court in directing a non-suit.
In the Bartlett case the Massachusetts court held that an
instruction was improperly refused and another improperly
given, bearing upon the question of negligence of the plaint-
iff, but the court did not determine the right of recovery
in the case.

In the McGahan case the trial court sustained a demurrer
to a *narr.* which alleged the negligence of the gas company,
defendant, in permitting the gas to escape, and an explosion,
and exercise of due care by the plaintiff, who was injured by
the explosion, but failed to allege the cause of the explosion
of the escaping gas. The Supreme Court of Indiana, in
reviewing, said that the cause of the explosion might have
been an act of plaintiff constituting contributory negligence,
and affirmed the action of the court below in sustaining the
demurrer. Where it has been held as a matter of law that
negligence of a plaintiff barred recovery in those cases, it
has been in cases where the apparently reckless act of carry-
ing a light into a room which seemed to be filled with
inflammable gas, was unrelieved by any of the surrounding
circumstances.

There is another line of decisions in which it has been

held that one injured by an explosion of escaping gas, caused by carrying a light to it, is not necessarily barred from a recovery for the negligence of the one who has wrongfully allowed it to escape.    Among these are the following: Louisville Gas Co. v. Gutenkuntz, 82 Ky. 432; Schmeer v. Gas Light Co., 147 N. Y. 529; Plonk v. Jessop, 178 Pa. St. 71.

In the case of Schmeer v. Gas Light Co., the facts were that the plaintiff, a boy of eighteen years, discovered gas leaking in the building and was about to proceed with a lamp to learn the cause, when another tenant of the building warned him that to take a lamp might be dangerous. Whereupon he said he could take a candle, as he had seen plumbers use a candle to search for a leak of gas. He proceeded with a lighted candle to the floor above (not occupied by him) and applied the light to one pipe and found no leak.    Going further along the hallway he came to a barrel, climbed upon it with his lighted candle, and an explosion followed which caused his death. . The New York court, upon review of the evidence in the case, said:

" Sometimes it is extremely dangerous to take a light to discover the location of a gas leak, and sometimes it is not, depending upon various circumstances; among others, upon the extent of the leak, the size of the inclosure where located, and the length of time the leak has existed.    The plaintiff's intestate, a boy of eighteen, took the candle, with the statement that he had seen gas men take a candle to find a leak, and it is a fact that they do so upon some occasions.    The whole case as to the contributory negligence of the plaintiff's intestate should be submitted to the proper judges of fact."

In Plonk v. Jessop, the plaintiff, smelling gas in the hall of a building, lighted a match " the same as plumbers do," and laid it along the pipes, and then got a taper, and having lighted it, went along the pipes up to an attic, where an explosion occurred by which he was injured. .The Pennsylvania court, reviewing the facts of that case, said:

" But the plaintiff having admitted that he knew or has heard that gas would explode if brought in contact with a light, the learned judge below entered a non-suit on the ground of contributory negligence.    In so doing he failed

to give sufficient weight to the circumstances, and to the plaintiff's explanation that he did as the plumbers did, ' because I saw them hunt in the same way with matches and a taper.' The knowledge of the explosive character of gas certainly may be presumed to be general among persons who have it in their houses, and plaintiff admitted such knowledge. But how far a smell of gas indicates a leak that may safely be searched for with a match or candle, and at what point it means danger of explosion in so doing, is a question requiring judgment and some experience. Plaintiff had seen indications of a leak, had seen it searched for by defendant's men with matches and a light, and had then been told that everything was right. When after that he smelled gas it could not be said as a conclusion of law that he necessarily had reason to suppose he would find anything more than a leak that might be safely searched for with a light as he had seen done by defendant's men earlier in the day. He may have been negligent in going into the attic as he did, but we think it is for a jury and not the court to say so."

It may be observed that the distinction between the two classes of decisions lies in the fact that in the one there are no surrounding circumstances from which the person injured might reasonably have inferred that he might safely search for the leaking gas with a light, while in the other cases such relieving circumstances are to be found.

If a jury had found that there was here in the conduct of appellee contributory negligence, in view of his experience as a chemist and in spite of the fact of the open window, we are not prepared to say that we would hold such finding to be against the weight of the evidence. Neither can we say that the verdict, finding in effect that in view of all these facts and circumstances he was not guilty of a lack of ordinary care, is against the manifest weight of the evidence. Reasonable men of fair intelligence might differ upon the conclusion. It was a question peculiarly within the province of the jury and for their determination. Chicago & N. W. R. R. Co. v. Simon, 160 Ill. 648; I. C. R. R. Co. v. Anderson, 184 Ill. 294; Barnes v. Western Wheel Works, 84 Ill. App. 646.

We think that it can not be held that appellee was a

trespasser while entering the unoccupied flat, so as to defeat his right to recover for negligence of appellant, if appellant were shown to have been negligent. The escaping gas having reached and penetrated his own apartment, he had the right to go to other parts of the building to prevent the difficulty. In no event would his right, or lack of it, to enter the unoccupied flat without permission of the landlord, affect his relation to appellant and his right to a recovery if appellant was negligent and he was not.

Complaint is made of the admission in evidence of photographs of appellee, taken soon after the injury, and shown by testimony to be correct representations of him as he appeared. We are of opinion that the evidence was competent. If the photographs showed the condition or appearance of appellee as it actually was, then the fact that such condition or appearance was calculated to awaken sympathy in the minds of the jury does not render the evidence incompetent. The test is the correctness of the photographs, and they were shown to be correct. Whether the bandages upon the appellee when the photographs were taken so far covered and hid his person as to make the photographs worthless as evidence of his condition at that time, was a matter largely within the discretion of the trial judge, who saw the photographs. We are unable to say that the learned judge erred in this behalf. The fifth of the refused instructions, tendered by counsel for appellant, was properly refused. It was sufficiently covered by other instructions given. The various instructions relating to notice to appellant of the condition of the pipe, i. e., that it was uncapped, were properly refused. The jury were properly informed by other instructions that if the appellant had left the pipe capped and that the leak was not caused by any fault of the appellant, then there could be no recovery. This instruction made any further instruction as to notice unnecessary.

Because the verdict is against the manifest weight of the evidence as to any negligence of appellant causing the injury, the judgment is reversed and the cause is remanded.