*Harris & Harris,* contra.

---

### 7216.   CHRISTO *v.* MACON GAS COMPANY.

The petition as amended set forth a cause of action, and was not subject to the general or the special grounds of the demurrer.

DECIDED JULY 19, 1916.

Action for damages; from city court of Macon—Judge Hodges. January 11, 1916.

*Hardeman, Jones, Park & Johnston,* for plaintiff.

*Hatcher & Smith,* for defendant.

BROYLES, J.   Christo sued the Macon Gas Company for damages for personal injuries caused by an alleged explosion of gas in his apartment.   The facts alleged in his petition and which are pertinent to this decision are substantially as follows:   Christo occupied two rooms on the third floor of an old three-story brick building, in one of which was an open fire-place.   The Macon Gas Company put in a gas connection for another tenant of this building, who had an apartment on the second floor just under that occupied by Christo.   In making this connection the gas company used an old pipe which had been in the building for some years, and which had not been used recently.   This pipe, which was used to carry the gas to the tenant on the second floor, who had applied for it, extended beyond that floor through the floor of Christo's room, up the wall and beside the chimney to the fireplace, across the ceiling in that room and through the partition into the other room of Christo's.   In this second room the pipe had a T joint; and the pipe extended along the ceiling of this room and passed out of the plaintiff's apartment.   In this latter room in which the T joint was located, and near to the T joint, the pipe was entirely severed; but this fact was unknown to Christo. When the gas company made the connection for the tenant of the second floor, it made no examination of the pipe in Christo's apartment, and nothing was done to close the cut in the pipe.   The aforesaid connection was made prior to January 1, 1915.   On that

day Christo returned to his apartment, and first entered the room which contained the T joint and the severed pipe, and immediately detected the odor of gas therein. He was not using gas himself in any way in his apartment. For some time he was unable to locate the leak, but after searching for about an hour he found the cut place in the pipe and made a plug of wood, and stopped up the pipe where it was cut. He then went into the other room which contained the fireplace. He did not detect any odor of gas at all in this room, his sense of smell having become deadened from inhaling the gas-infected air in the other room while looking for and stopping the leak in the pipe. He did not know that the room which contained the fireplace was also filled with gas to such an extent as to render an explosion probable from the lighting of a fire therein. Accordingly, the weather being cold, he undertook to light a fire in this room, and when he did so the gas therein exploded, and he was severely injured. A demurrer was interposed to this petition; the court sustained all the grounds thereof, both general and special, and dismissed the petition, and the plaintiff excepted.

In our opinion the case should have been submitted to the jury. A company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty, and nature of that particular business. *Chisholm* v. *Atlanta Gas Light Co.*, 57 *Ga.* 29; 20 Cyc. 1170. Such a company, before turning on or permitting to be turned on gas for the benefit of a tenant in an apartment house who has applied for it, must use reasonable precautions to ascertain that the pipes in the building are in such condition that gas will not flow into the apartments of tenants who have not applied for it, to their injury; and it is for the jury to say whether or not the company, before permitting gas to be turned on for the benefit of one tenant of an apartment house, used reasonable precautions to ascertain that no harm would thereby result to other tenants who had not applied for it, by the gas escaping into their rooms. In such a case the company can not deny its liability for injuries resulting from failure to use reasonable precautions, before turning gas into an apartment building, to see that injury could not result from the escape of gas into the rooms of tenants not applying for it, on the ground that it had no right to enter upon the premises of the

parties not applying for gas for the purpose of making an inspection of the pipes therein. Schmeer *v.* Gas Light Co., 147 N. Y. 529 (42 N. E. 202, 30 L. R. A. 653). This is true although the gas-pipes used by the gas company were old pipes that had not been installed by the company, and did not in fact belong to it. In our opinion it was for the jury to determine whether the defendant owed the plaintiff in this case the duty of inspecting the pipes entering into his apartment, and to close them if necessary, to save him from injury. It is true that it has been held that as to an owner of a building, who installs or controls the pipes, or as to a tenant of the building who applies for gas, the gas company is under no duty to know the condition of the pipes, but the rule is different as to a tenant therein who has not applied for gas, and who therefore has no reason to inspect the gas-pipes in his apartment. In this case the gas company, when it made the connection for the tenant on the second floor, must have known, or by the exercise of ordinary diligence could have known, that the pipes extended into the plaintiff's apartment on the third floor, and, before turning on the gas, the company should have either ascertained the condition of the pipes in this apartment, or by some device have kept the gas from flowing therein.

Under the facts in this case it was also for the jury to say whether the plaintiff was entirely free from fault, or whether he was guilty of contributory negligence, and, if so, to what extent.

*Judgment reversed. Hodges, J., disqualified.*