## 7949.  CHRISTO *v.* MACON GAS COMPANY.

On the material questions involved in this case the evidence was not in dispute, and the evidence introduced, with all reasonable deductions or inferences therefrom, demanded a verdict for the defendant; accordingly the court did not err in so directing.

DECIDED MARCH 20, 1917.  REHEARING DENIED APRIL 5, 1917.

Action for damages; from city court of Macon—Judge Guerry. September 27, 1916.

*Hardeman, Jones, Park & Johnston,* for plaintiff.

*Hatcher & Smith,* for defendant.

GEORGE, J.  The facts alleged in the petition in this case appear in the opinion of this court reversing the judgment sustaining a demurrer thereto. *Christo* v. *Macon Gas Co.,* 18 *Ga. App.* 454 (89 S. E. 532). At the conclusion of the evidence the defendant moved the court to direct a verdict in its favor. The motion was granted and the plaintiff excepted. On a careful consideration of this record we are convinced that the verdict was properly directed. The evidence did not prove the case as alleged, but on the contrary conclusively showed that the employees of the defendant did not turn the gas into the building,—that it was turned on by the ten-

ant on the second floor, without authority or knowledge of the defendant. The employees of the defendant, after connecting the gas with the premises of the tenant on the second floor, tested it for a few seconds only, and, detecting that there was a leak in the gas line at some point in the building above the second floor, at once turned the gas off by means of a cock placed within the building and between the meter and the defendant's gas line outside the building. According to the witness Miller, sworn for the plaintiff, this was "a perfectly safe method of turning off gas. That is the system which has been in use for the past 25 years, the kind that is commonly used." There were some circumstances in the plaintiff's evidence which, unexplained, would indicate that the defendant could have cut off the supply of gas from its pipe at the service cock in front of the building. The evidence for the defendant clearly shows that there was in fact no service cock on its gas line outside of and in front of the building. The testimony for the defendant on this point is positive, and the witness for the plaintiff admitted that he made no examination for the purpose of ascertaining, and did not in fact know, whether a service cock had been placed by the defendant on the outside of the building. The gas was completely cut off by means of the meter-cock placed within the building, and while this cock could be turned with a nail, spike, or wrench, some strength was required to open it. It is uncontradicted that the gas was cut off by the employees of the defendant, and the tenant on the second floor knew that the gas had been cut off because the agents of the defendant had discovered a leak in the building and above the second floor. This tenant, without knowledge, sanction, or authority of the defendant, but for his own convenience, with knowledge of all the facts, turned the gas into the building. He denied that defendant's servants warned him not to use the gas until the leak in the gas line above the second floor was located and remedied, but admitted that he knew of such leak. On one possible theory only is there color for the contention that the defendant was negligent. It is insisted by the plaintiff that the defendant was negligent in failing to cut off the supply of gas at a point outside the building, or by means of a cap at some point in the building, and, if no means had been provided for this purpose, that the failure to provide such means was itself an act of negligence.

The plaintiff relies on the decision in *Chisholm* v. *Atlanta Gas Light Co.*, 57 *Ga.* 28. That case is distinguishable from this case on its facts. There the plaintiff, the owner of a house in the city of Atlanta, had notified the gas company that the house was vacant, and that the gas was no longer needed, and had ordered the defendant to cut off the gas, which was done on a date named by means of a meter-cock in the plaintiff's cellar. Several days thereafter the plaintiff rented the house to some colored people for the purpose of having a supper there, and they did not use the gas, but used candles. An explosion followed, and it was thereafter discovered that the meter-cock had been tampered with by somebody. The plaintiff in that case had no reason to suppose that any of the defendant's gas was on his premises after the defendant was notified to cut it off. If it had been cut off at the service cock under the curbstone, the gas company having in fact such service cock on its line, the explosion in the house could not have occurred. One essential difference between the facts in that case and the facts in the case at bar is this: In that case the gas company was ordered, and did undertake, to permanently cut its gas out of the plaintiff's house. In the instant case, in the late afternoon or evening of the day preceding the day of the explosion, the defendant installed certain fixtures for the tenant, Johnson, who occupied a room on the second floor of the building. The meter indicating a leak in the gas pipes, above the second floor, the defendant's servants, not having access to the rooms in the building above the second floor, temporarily cut off the supply of gas by the use of an available and perfectly safe means. The gas was cut off for the purpose of enabling the defendant to locate and remedy the leak in the pipe. The defect had not been remedied, and the tenant, Johnson, who turned on the gas, had not been authorized by the defendant to use the gas. In the *Chisholm* case the defendant was under a duty to cut off the gas from the plaintiff's building; in the case at bar, the defendant was under the duty to turn the gas into the building occupied by the plaintiff. There were no facts in the evidence to warrant a finding by the jury that Johnson, the tenant on the second floor, was at liberty to use the gas at the time when he turned it on, nor would the facts in this case warrant the inference that the defendant was negligent in failing to make the necessary repairs to the gas line prior to the explosion.

The defendant company had the right to use the meter-cock, which, so far as the evidence in this case shows, effectively and absolutely stopped the flow of gas into the building, and which afforded an available means of cutting the gas out of the building, and which was being used temporarily until the leak in the gas-pipe could be remedied. It was not, under the evidence, responsible for the unauthorized act of the tenant, Johnson, in turning the meter-cock. Under the uncontradicted evidence in this case upon the material and controlling questions, no finding of negligence on the part of the defendant could be upheld. Even if the plaintiff, under the facts of this case, was not guilty of such contributory negligence as would bar a recovery by him, the facts proved by him, with all reasonable deductions therefrom, are insufficient to support a verdict against the defendant. The court did not err in directing a verdict for the defendant.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*