10303. MAYNARD *v.* ATLANTA GAS-LIGHT COMPANY *et al.*

BROYLES, P. J. The petition, construed (as it must be) most strongly against the plaintiff, sets out no cause of action against the Atlanta Gas-Light Company, and the court did not err in sustaining that defendant's demurrer to the petition.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED JUNE 9, 1919.

Action for damages; from Fulton superior court—Judge Pendleton. November 19, 1918. (See *Weyman* v. *Maynard,* post.)

The action was against the Atlanta Gas Light Company and S. T. Weyman. A demurrer of the gas company, on general and special grounds, was sustained and the petition dismissed as to that defendant; and the plaintiff excepted. The petition alleges in substance, that the plaintiff's husband and her brother-in-law rented jointly a certain house from the defendant Weyman, and, a few hours after they had moved into the house, in August, 1917, two employees of the defendant gas company came to it for the purpose of installing gas-meters, connecting up and testing the gas-fixtures, and turning on the gas for the use of the plaintiff and of the other residents of the house; that when these employees arrived the plaintiff and her sister requested them to make a careful examination of all the gas-fixtures and connections in the house; that shortly after the employees of the gas company had finished the work of installing the gas-meters, testing and connecting up the gas-fixtures and connections, and left the house, the plaintiff discovered that the bath-room was completely filled with gas, which had escaped and was then escaping through a hole in the ceiling, and that the entire bath-room gas-fixture, instead of being connected in the ceiling, was lying entirely disconnected, in the bath-tub; that the plaintiff, with the assistance of a stranger who came into the house to aid her,

threw open the door and the window of the bath-room in order that the gas might escape from it, and the stranger in a few minutes connected the gas-fixture with the hole in the wall, and thus stopped the leakage of gas; that about thirty minutes later this stranger stood upon a box in the middle of the bath-room and struck a match for the purpose of testing the connection between the gas-pipe or fixture and the hole in the wall, and was extending his hand in the direction of the hole or wall connection when suddenly and unexpectedly there was an explosion and a flame which spread over the entire bath-room where the plaintiff was then standing, and burned her in a manner described; that when this occurred she was standing about ten feet from the man who struck the match and in the doorway leading from the bath-room into the hall. It is alleged that the gas company was negligent: (a) in failing to have all gas-fixtures in the house securely and properly connected so that the gas when turned on would not escape; (b) in failing, after notice and request, to examine all the gas-fixtures in the house, and in failing to connect them before installing gas-meters and connecting up and turning on the gas; and (c) in installing the gas-meters and connecting and turning on the gas in the house without first examining and safely and securely connecting all fixtures in the house and in particular the said bath-room fixtures. It is alleged that Weyman was negligent in not having the house in a safe and suitable condition for occupancy, and in not having the gas-fixtures safely and properly connected so that gas when turned on would not escape.

In the demurrer of the gas company it was contended that the petition failed to allege facts showing that the company was under any duty relative to the character of the connection, or the examination or condition of the fixtures, beyond the meter and the service pipes connected with it, or was under any duty to comply with the request made to the company's employees.

*Dorsey, Shelton & Dorsey, Sam A. Lalham,* for plaintiff, cited: *Christo* v. *Macon Gas Co.,* 18 *Ga. App.* 455; *Chisholm* v *Atlanta Gas-Light Co.,* 57 *Ga.* 29; *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (3 a, b).

*Smith, Hammond & Smith, Robert C. & Philip H. Alston, Blair Foster,* for defendant, cited *Christo* v. *Macon Gas Co.,* supra, and the same case, 19 *Ga. App.* 541; Civil Code (1910), § 4426, and decisions as to plaintiff's failure to use ordinary care to avoid injury.