## 22425.  BRAY v. ATLANTA GAS-LIGHT COMPANY.

STEPHENS, J.  1. Inflammable gas, when coming in contact with fire, after having been liberated from pipes in which it is usually confined, is a highly dangerous substance, and a duty rests upon one having it under control to exercise due care to prevent its escape where it might become ignited and explode and cause injury and damage. *Chisholm* v. *Atlanta Gas-Light Co.*, 57 *Ga.* 29; 28 C. J. 589, 591; *Christo* v. *Macon Gas Co.*, 18 *Ga. App.* 454 (89 S. E. 532); *Mayor &c. of Unadilla* v. *Felder*, 145 *Ga.* 440 (89 S. E. 423).  Where a company which supplies gas through a pipe to a residence, to be there used for cooking purposes, cuts off the gas on the house becoming vacant, and a stove therein which is supplied with gas becomes disconnected, with the knowledge of the company, and the pipes in the house supplying the gas are left open, and where the instrumentality by which the gas is cut off, which is under the control of the company, is not capped or locked as is the custom of the company under such circumstances, but is left exposed and easily accessible and in a condition in which any one can easily use it to turn on the gas and permit it to escape into the vacant house, and the instrumentality is so used by some one to turn on the gas, and it escapes into the house, where it becomes ignited and explodes and causes personal injuries to a person in the house; and where it can reasonably be foreseen that some one might turn on the gas and that it would escape into the house, and, should it become ignited, explode and cause damage, the company is not in the exercise of due care, but is negligent.  The case of *Maynard* v. *Atlanta Gas-Light Co.*, 24 *Ga. App.* 5 (99 S. E. 472), is distinguishable, as in that case it was held that the gas company was under no duty to inspect the gas fixtures and pipes in the house and was not negligent in failing to have the fixtures in the house properly connected so as to prevent the escape of gas. The case of *Christo* v. *Macon Gas Co.*, 19 *Ga. App.* 541 (91 S. E. 1007), is distinguishable, because in that case the meter-cock was inside the building and some strength was required to open it, and there was no other method of turning off the gas.

2. Since the explosion of the gas by coming into contact with fire after its escape into the house could reasonably be foreseen, an explosion of the gas which injures a person in the house, although the explosion is caused by the act of another in striking a match in the house and setting fire to the escaping gas, may, notwithstanding the latter act, be the proximate cause of the injuries.  *Southern Railway Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); Memphis &c. Gas Co. *v.* Creighton, 183 Fed. 552.

3. Whether a woman injured by the explosion of gas as indicated above was a trespasser on the premises upon which the explosion occurred and went there from a neighboring apartment in the same building for the purpose of detecting the source of escaping gas, she was not a trespasser as respects any right of the gas company; and the company can not, upon the ground that she was a trespasser on the premises, avoid any liability to her for the injuries sustained as a result of an explosion of the gas, where the explosion and the injuries sustained by her were

proximately caused by the company's negligence. 45 C. J. 786; People's Gas Light Co. *v.* Amphlett, 93 Ill. App. 194.

4 The petition set out a cause of action, and was good as against general demurrer. *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1933.   REHEARING DENIED MARCH 4, 1933.

*Ellis L. Cone, H. P. McLain, Watkins, Asbill & Watkins,* for plaintiff.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for defendant.