23898. HOOVER *v.* SOUTHERN BELL TELEPHONE Co. *et al.*

STEPHENS, J. 1. A subsequent intervening act of a third person does not break the causal connection between the defendant's act of negligence and the plaintiff's injury, where at the time of the occurrence of the defendant's negligent act the defendant could reasonably have foreseen the intervening act, although it is not necessary that the particular manner in which the intervening act may happen should be foreseen or anticipated. Where the defendant, a telephone company, in violation of an ordinance of the city, had adjacent to one of its poles left a hole in a sidewalk large enough for a person to step in it, and obscured by grass which had grown over it, and this was negligence, it might easily be foreseen that a person when lawfully upon the sidewalk in the vicinity of the hole might be placed in an emergency which would require him to move quickly in order to avoid some approaching danger and step into the hole, and, by

reason of having stepped into the hole, be rendered unable to avoid the danger and be thereby injured. Where a person upon the sidewalk in' the vicinity of the hole, while attempting to get out of the way of and avoid an approaching automobile, steps into the hole and is injured by being crushed by the automobile against. the pole, the negligence of the defendant telephone company in permitting the hole to remain upon the sidewalk may, in the opinion of a jury, be regarded as the proximate cause of the injury. *Southern Railway Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); *Wilson* v. *Atlanta,* 60 *Ga.* 474; *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423); *Letton* v. *Kitchen,* 166 *Ga.* 121 (142 S. E. 658); *Bray* v. *Atlanta Gas-Light Co.,* 46 *Ga. App.* 629 (168 S. E. 96); *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442); *Barrett* v. *Savannah,* 9 *Ga. App.* 642 (72 S. E. 49); McDowell *v.* Preston, 104 Minn. 263 (116 N. W. 470, 18 L. R. A. (N.S.) 190); Neidhardt *v.* Minneapolis, 112 Minn. 149 (127 N. W. 487, 29 L. R. A. (N.S.) 822).

2. The petition set out a cause of action, and the court erred in sustaining the general demurrer thereto.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 22, 1935. Rehearing denied March 1, 1935.

*Thomas L. Slappey,* for plaintiff.

*McDaniel, Neely & Marshall, Colquitt, Parker, Troutman &. Arkwright, Paul S. Etheridge & Sons,* for defendants.

