<hr/>

### CRAWFORD *vs.* THE GEORGIA RAILROAD.

1. As a carrier of passengers, a railroad company, its officers and servants, are bound to exercise more than "all ordinary and reasonable care and diligence," that is to say, the company will be liable to passengers for injuries to them unless extraordinary care and diligence be used, and slight neglect on the part of the agents and servants of the company will be sufficient evidence to fix its liability.
2. Where the evidence is conflicting and does not require the verdict, error on a material point in the charge of the court will necessitate the grant of a new trial.

Railroads. Negligence. Damages. New trial. Before Judge BARTLETT. Greene Superior Court. September Term, 1878.

Crawford brought case against the railroad for damages resulting to him from an accident on its passenger train. On the question of negligence the evidence was somewhat conflicting. Under the charge of the court the jury found for defendant. Plaintiff moved for a new trial which was refused, and he excepted. For the other facts see the opinion.

L. J. GLENN & SON; HOPKINS & GLENN ; M. W. LEWIS & SON, for plaintiff in error, cited as follows : Extraordinary diligence required, 56 *Ga.*, 322 ; 58 *Ib.*, 461. Verdict not required, 48 *Ga.*, 339.

Crawford *vs.* The Georgia Railroad.

J. A. BILLUPS; JNO. C. REED, for defendant, cited (on negligence) Code, §3033 ; 56 *Ga.*, 322; 30 *Ib.*, 22 ; 34 *Ib.*, 330; 58 *Ib.*, 79 ; 60 *Ib.*, 319.

JACKSON, Justice.

1. The error complained of is that the court charged the jury to the effect that the plaintiff could not recover if the defendant exercised all *ordinary and reasonable care and diligence.* The plaintiff was a passenger on the defendant's cars, and whilst in respect to other persons than passengers the rule was correctly stated by the court, the rule is stronger in regard to the duty of carriers of passengers. The Code settles the law of the case as follows : " A carrier of passengers is bound also to *extraordinary* diligence on behalf of himself and his agents to protect the lives and persons of his passengers. But he is not liable for injuries to the person, after having used such diligence." Code, §2067. The charge of the court was, therefore, wrong, in that it only required *ordinary*, while our Code demands *extraordinary* diligence on the part of railroad companies when employed as common carriers, and when the persons of their passengers are injured, as is the case at bar. The law is laid in wisdom, as human life is at great risk, especially when public carriers employ steam for rapid transit, and too much diligence cannot be required at their hands. For slight neglect they are, and ought to be, responsible ; and outside of the provisions of our own statute law, such, we believe, is the rule everywhere in the civilized world.

2. The error is material, and the evidence is conflicting. It may have controlled the verdict. Therefore a new trial must be granted, and the judgment overruling the motion therefor must be reversed.

Judgment reversed.