### 3741. VALDOSTA STREET RAILWAY COMPANY v. FENN.

RUSSELL, J. 1. A street-railway company may be held liable for an injury due to the failure of its motorman to exercise extraordinary care in protecting a passenger from injury; and a jury may be authorized to find that a motorman who left his car, which was operated by electricity, in such condition that the car could be easily started or set in motion by a passer-by, was guilty of culpable negligence as to passengers who were permitted to remain in the car, while awaiting the arrival of a connecting car of the same street-car company on which they were to proceed to their destination.

(a) A carrier is required to use such precautions as may be necessary to prevent any danger to his passengers which can be anticipated in the

use of extraordinary diligence. In the exercise of extraordinary diligence the carrier is required to anticipate that children of tender years will not act with the prudence of maturity, and are generally inclined to be inquisitive, meddlesome, and venturesome, and it is required to foresee that a very high degree of diligence may be necessary for the safety of those who may be injured by the thoughtlessness of such children.

2. The carrier is charged with the duty of using that extreme care and caution which every prudent and thoughtful person would use under similar circumstances. A passenger upon a street-car, who has not reached his destination, and who, in order to reach his destination, must change from one car of the carrier to another car of the same carrier, and who is permitted to remain in the car while awaiting the arrival of the connecting car, is still a passenger.

3. The question of proximate cause depends upon the facts of each particular case, and, in ascertaining in a particular case what was the proximate cause of the injury, the conclusion reached depends upon whether the injury alleged was such a natural and probable consequence, under the circumstances of the case, as that it might and ought to have been foreseen by the wrong-doer as likely to ensue from his act. The jury were authorized to find in this case that the act of the child was not a proximate cause, but that the motorman, in leaving his car in such condition that a child could set it in motion, was the prime and underlying essential and efficient cause of the injury; for "if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable and natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern Railway Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109).

4. The court did not err in overruling the defendant's demurrers, nor in refusing to award a nonsuit or direct a verdict. The evidence authorized the jury's finding, and there was no error in refusing a new trial.

*Judgment affirmed.*

DECIDED OCTOBER 2, 1912.

Action for damages; from city court of Valdosta—Judge Thomas presiding. September 1, 1911.

*E. K. Wilcox,* for plaintiff in error.

*Toomer & Reynolds, Whitaker & Dukes,* contra.