## 21460. SOUTHERN RAILWAY COMPANY v. BARTLETT.

Decided February 16, 1932.

*Boykin & Boykin, Maddox, Matthews & Owens,* for plaintiff in error.

*Thomas L. Slappey, Willis Smith,* contra.

Luke, J.  Mrs. Nannie Lou Bartlett brought an action against the Southern Railway Company and engineer J. M. Cox to recover damages for personal injuries.  The jury found for Cox, but against the railway company for $1,000.  The exception is to the judgment overruling the company's motion for a new trial.

Omitting the formal allegations, and those unnecessary for a determination of the questions presented for decision, the petition is substantially as follows: On May 31, 1930, the plaintiff purchased a ticket entitling her to safe passage over the defendant's railroad from Atlanta, Ga., to the passenger-station of said company at Villa Rica, Ga.  When said train "reached a point just east of Villa Rica, Ga., at about seven o'clock, p. m., a member of the train crew in charge of said train . . called the station 'Villa Rica,' indicating to petitioner that said train had reached the point of her destination."  Petitioner was not "familiar with the railroad-yards, stations, landings, and sidetracks, and was led to believe that said train had reached the proper landing place at the regular stopping point at the passenger-station of Villa Rica."  "At said time and place other passengers began getting off of said train, and petitioner followed them out of said car on the front platform of said car where the flagman . . was assisting said passengers in getting off.  At said time and place there were passengers ahead of petitioner, which obstructed petitioner's view

of the landing place." When petitioner reached the bottom step of said coach and was in the act of stepping to the ground, she discovered that there was no passenger-landing there, and that the train "had stopped on the sidetrack before reaching said passenger-station and said proper landing place." The distance "from said step to the ground between said sidetracks was about four feet," and, realizing "that said distance was too great for her to make the step off in safety, . . she attempted to stop, and in attempting to brace herself on the said bottom step of said coach," the heel of her right shoe caught on the said step, tearing the heel off of said shoe, which, together with petitioner's already unbalanced condition in attempting to stop to prevent falling when she discovered the great distance from said step to the ground, caused petitioner to be "violently thrown against the handrail of said coach, and from there to the ground between said sidetracks." "When petitioner was thrown from said step as aforesaid, her left hand and wrist struck the iron rail of said coach," and the bones, nerves, and ligaments thereof were seriously injured; and "her left ankle struck the ground with such great force" that it was injured in stated ways. Petitioner was twenty-nine years old and had an expectancy of thirty-five years. Defendants were negligent in the following particulars: (a) "in stopping said train . . where there was no place for passengers to land safely;" (b) "in announcing 'Villa Rica' as the next stop and then stopping said train in said sidetrack and having petitioner attempt to alight therefrom;" (c) in not having said train "at the regular place for discharging passengers;" (d) "in failing to provide a safe place for petitioner to alight from said train;" (e) "in failing to provide a suitable step-box or other means for petitioner to safely alight from said train;" (f) "in failing to take petitioner to her destination and to the regular place of discharging passengers at the regular passenger-station;" (g) "in failing to notify petitioner that said train had stopped in said sidetrack, and not at the regular passenger-station, after it had been announced that Villa Rica was the next stop;" (h) "in failing to safely transport petitioner from Atlanta, Georgia, to Villa Rica passenger-station, as said company had agreed to do."

The answer admitted that the petitioner had purchased said ticket and boarded said train, and had attempted to leave the train at said

sidetrack; averred that "if plaintiff sustained any injuries, . . the same was the result of her own . . negligence, and that she could have avoided the same by the exercise of ordinary care for her own safety," and, in effect, denied the other material allegations of the petition.

■ We quote from the testimony of the plaintiff as follows: "The train stopped on a switch-track. . . It was a good block or more from the station. I didn't know whether I was at the station or not. I got off there. It was either the conductor or flagman that called Villa Rica. . . It was a member of the train crew. . . He called Villa Rica twice. . . It was slowing, beginning to stop. All the passengers that were for Villa Rica got off there. All got off in front of me except three, . . all these other passengers were out on the platform ahead of me. . . The flagman was down on the ground helping these passengers to alight. . . That was somewhere near seven o'clock in the afternoon. The grounds were not lighted up; it was dark. . . They called the stop, . . and I was following the other passengers out, . . and I was at the bottom step and ready to make my step down, and I saw it was a long step, and I knew it would throw me, taking it unexpected, and I tried to brace myself; and when I did that my shoe-heel hung, and of course I realized that I was falling, and I tried to catch, and threw my hand back and hit the rail in trying to catch, and went down on the ground. I would have fallen if the flagman had not caught me. He caught me, but it almost threw me; he broke the fall. From the bottom step to the ground it was three or four feet. There wasn't any landing there at all on the ground for passengers to land—not anything except just the ground. The ground was not up level with the tracks like it is at the landing place. . . They did not give me any information about not being at the proper landing at Villa Rica Station. They had not said one word about it not being the place to get off. I never had gotten off at that place before. I thought I was at the station where it was fixed for me to get off. . . The heel got caught against those pieces that are raised up on the step. . . The heel got caught against those pieces that are raised, . . those little depressions a fraction of an inch deep, to keep it from getting slick. . ."

The defendant introduced evidence to the effect that "Villa Rica"

was not called before the train in question stopped at said siding to let another train pass; that said lower step of said car-platform was about eighteen or twenty inches from the ground, but the ground was smooth; that it was not dark and the plaintiff knew, or should have known, that she was not at the regular station at Villa Rica; that a member of the train crew told the plaintiff that the train had not reached said station, and the plaintiff said she would get off any way; and that the plaintiff was not injured as alleged. In material respects the evidence presented by the defendant was in sharp conflict with that adduced by the plaintiff. However, since it is exclusively the province of the jury to pass upon the credibility of witnesses, the weight of the evidence, and questions of diligence and negligence, this court can not say that the verdict was not warranted by the evidence. We hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 complains of an excerpt from the charge of the court to the effect that railroad companies are bound to use extraordinary diligence towards a passenger, "to prevent any injury resulting to him or her from the operation of their trains, or by any negligence on the part of their agents, servants, or employees, and that extraordinary diligence continues from the time they accept passengers upon board their train until they safely deliver him or her from the train at the point of destination. . ." It is particularly urged that this excerpt is erroneous because it does not contain the substance of the last sentence of section 2714 of the Civil Code (1910), which reads as follows: "A carrier of passengers is bound also to extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. But he is not liable for injuries to the person after having used such diligence." The court charged said code section verbatim, and there is no merit in the criticism.

It is further urged that the court erred in using the word "prevent" in said excerpt—that "the effect of the charge was that the defendant was under a duty to exercise extraordinary care . . towards plaintiff to the extent of preventing any injury to her, whereas, . . if the company used extraordinary care to protect the lives and persons of passengers, its duty was performed." "A carrier is required to use such precautions as may be necessary to

prevent any danger to his passengers which can be anticipated in the use of extraordinary diligence." *Valdosta Street Ry. Co.* v. *Fenn,* 11 *Ga. App.* 586 (75 S. E. 984). The criticism is not well founded.

■ The gist of special ground 2 is that, after instructing the jury that "if plaintiff is injured by reason of the negligence on the part of the railway company, . . then . . she is entitled to recover," the court, in a separate sentence, charged that "if the passenger could by the use of ordinary care have prevented the injury to herself, . . then she is not entitled to recover." The first criticism, that the charge is contradictory, is not meritorious; and the same is true of the second insistence that the court erred in using the word "prevented" instead of the word "avoided." This ground discloses no reversible error.

■ It appears from special ground 3 that the court charged the jury that "whether the plaintiff could by the exercise of ordinary care have 'prevented' the injury to herself, if there was any negligence on the part of the defendant," was a jury question. The criticism that "the charge put too great a burden on the defendant, in that it required the defendant to prove that the plaintiff was lacking in ordinary care to the extent of being able to 'prevent' the injury to herself," is not sound. There is no merit in this ground.

■ It appears from the fourth ground that, after instructing the jury that "the negligence of the defendant, if any, must be the proximate cause of the injury to the plaintiff to entitle her to recover," the court correctly defined proximate cause. The criticism that under said charge the plaintiff would be allowed to recover "without taking into consideration plaintiff's own negligence or want of ordinary care," is without merit. It is not feasible for the court to charge the entire law of the case in one sentence or paragraph, and, considering the charge as a whole, the ground is entirely without merit.

■ In ground 5 complaint is made of the following excerpt from the charge of the court: "In all cases where a person . . may be injured by the carelessness, negligence, or improper conduct of any railway company, or officer, agent, or employee of such company, in or by the running of the cars or engines of the same, such company shall be liable to pay damages for the same to any one

whose person shall be injured." The first criticism of this charge is that it was not applicable, for the reason that "the train was at a standstill when plaintiff claims she was injured." The next criticism is in this language: "That said charge eliminated . . the defenses that any injury received by the plaintiff was the result of her own negligence and want of ordinary care; that by the exercise of ordinary care, plaintiff could and should have avoided said injuries, and that any negligence on the part of the defendant, . . if there was such negligence, was not the proximate cause for any injury received by the plaintiff." It is also urged that the charge led the jury to believe "that if there was any negligence attributable to defendant, it was without any defense."

When the charge is considered as a whole, it is apparent that there is no merit in this ground.

■ Ground 6 complains of the following charge of the court: "A railroad company shall be liable for any damages done to persons by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence." It is insisted that this charge is "exactly in the words of section 2780 of the Code of Georgia, except for the elimination of the words, 'the presumption in all cases being against the company,' and that said section has been declared unconstitutional;" and that said charge "authorized a recovery against movant upon mere proof that she was injured by and as a result of the running of the locomotives, cars, or other machinery of the defendant . . without any proof whatsoever of any negligence on the part of movant." It is further insisted that if the entire code section was not held to be unconstitutional, the same was repealed by the act of August, 1929 (Ga. L. 1929, p. 315), which provides that "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury." It is further insisted that said charge "authorized a recovery by the plaintiff irrespective of negligence or want of ordinary care on the part of the plaintiff." The court did in-

struct the jury that the plaintiff "can only recover by proof that the defendant was negligent in the manner alleged in the petition;" and that if the defendant was not "negligent to the extent of failure to exercise extraordinary care," there could not be a recovery. While we do not approve the instruction, yet when it is considered in the light of the entire charge, we do not think it warrants a reversal of the judgment for any reason assigned.

■ In ground 7 error is assigned on the following charge: "If the plaintiff either caused the injury by her own negligence or could by ordinary care have avoided it, the verdict would be for the defendant. If the plaintiff was faultless, neither contributing to the injury nor omitting ordinary care to avoid it, the verdict should be against the company for damages. If the plaintiff contributed to the injury but did not of herself cause it, and couldn't have avoided it by ordinary care, the verdict should be against the company for damages diminished in proportion to the fault attributable to the plaintiff." The charge is alleged to be erroneous for the following reasons: (a) Because the effect of it was to instruct the jury "to find for the plaintiff unless by the exercise of ordinary care she could have avoided her injury . ." (b) Because the jury were instructed that "if the plaintiff was faultless, . . the verdict should be against the company." Because said charge led the jury to believe that "plaintiff would be entitled to recover something, even though her own negligence may have been equal to or have exceeded any negligence chargeable to the defendant."

Considering the full and fair charge as a whole, we do not think that the foregoing excerpt is susceptible to any criticism made of it. In regard to the criticism of the charge upon contributory negligence, see *Wrightsville R. Co.* v. *Gornto,* 129 *Ga.* 204 (8), 209 (58 S. E. 769). In conclusion, we hold that the trial judge did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*