23083.   LESLIE *v.* GEORGIA POWER COMPANY.

SUTTON, J. The plaintiff was injured while a passenger on a street-car of the defendant company. He filed his petition against the company, alleging that he was injured by reason of its negligence. The defendant

was bound to exercise extraordinary care and precaution to prevent injuring the plaintiff, and slight negligence on its part, when it was the proximate cause of the alleged injury, might render it liable, provided the plaintiff himself could not have avoided the injury by the exercise of ordinary care. *Southern Ry. Co.* v. *Cunningham,* 123 *Ga.* 90 (50 S. E. 979); *Central R. Co.* v. *Thompson,* 76 *Ga.* 770; *Crawford* v. *Georgia R. Co.,* 62 *Ga.* 566.

2. Accordingly, a petition wherein it is alleged that a street-car of the defendant company came to the end of the line, that there were no passengers on the car at the time, that when it reached the end of the line the operator changed the trolley and turned the seats and took the crank from the rear to the front, in order to prepare the car for its return trip, that in so doing he passed up and down the aisle of the car three or four times, that the car stood at the end of the line fifteen or twenty minutes, that an apple core lay on the floor of the car, that the defendant's servant either knew of its presence or in the exercise of the care and precaution required of him in the premises should have discovered its presence, that the defendant was under a duty to keep the aisle of the car free from defects or substances that would render it dangerous to persons lawfully entering it as passengers, and that the plaintiff, in the exercise of ordinary care, relying on the fact that the defendant had kept the aisle of the car free from danger, entered the car, and stepped on the apple core, which caused him to fall, thereby injuring him, set out a cause of action. See *Seaboard Air-Line Ry.* v. *Andrews,* 140 *Ga.* 254 (78 S. E. 925, Ann. Cas. 1914D, 165); *Valdosta St. Ry. Co.* v. *Fenn,* 11 *Ga. App.* 586 (75 S. E. 984).

3. While a carrier of passengers is not bound to keep up a continuous inspection, or to know at every moment the condition of every part of its cars, yet inspection of the cars should be adequate and sufficient, and should be made with such frequency as the liability to impairment reasonably requires and as is practically possible consistently with the conduct of its business. 2 Moore on Carriers (2d ed), 1115; *Proud v.* Philadelphia &c. R. Co., 64 N. J. L. 702 (46 Atl. 710, 50 L. R. A. 468); *L. & N. R. Co. v.* O'Brien, 163 Ky. 538 (174 S. W. 31, Ann. Cas. 1916E, 1084).

4. Under the pleading of the plaintiff in this case, this court can not hold as a matter of law that the plaintiff was injured by reason of his own failure to exercise ordinary care, in entering the car in the daytime and not discovering the presence of the apple core in the aisle of the car and avoiding stepping on it, the plaintiff having a right to rely to some extent on the duty which the law imposed on the carrier to keep the way of ingress and egress to a seat in its cars in a reasonably safe condition for passengers.

5. Applying these principles, the petition as amended made a case for submission to a jury, under proper instructions from the court; and it was error to dismiss the action on general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided October 14, 1933.

*Charles G. Bruce,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.