60543. KELLS et al. v. NORTHSIDE REALTY ASSOCIATES, INC. et al.

BANKE, Judge.

This action was brought by the appellant to recover damages to her house and pool allegedly caused by her tenant, Mrs. Bailey. She appeals the grant of summary judgment to appellee Northside Realty, which was also named as a defendant based upon alleged negligence and fraud.

The facts show, without dispute, that Northside contracted with

Mrs. Kells to find a buyer for her property and toward that end located Mrs. Bailey. Mrs. Kells and Mrs. Bailey entered into a contract for the sale of the property. The sale failed to close because Mrs. Bailey was unable to secure a sufficient down payment to satisfy the requirements of her prospective mortgagee. At the suggestion of Northside, a lease-purchase agreement was executed to allow Mrs. Bailey more time to have her loan approved. The lease, to which Northside was not a party, provided that Mrs. Bailey would be liable to Mrs. Kell for any damages to the property during her tenancy. *Held:*

Although the plaintiff complains that Northside was negligent in its duty as her agent, she fails to demonstrate, or even argue, facts which would establish such negligence. Her argument centers around Northside's obvious interest in having the lease-purchase agreement executed so that ultimately the broker's commission would be earned. However, the evidence before the court shows that Mrs. Bailey was in sole possession of the property when the damages occurred and that none of the damage complained of was even remotely attributable to Northside. There is no evidence which would authorize an inference that Northside was aware that Mrs. Bailey would prove to be an unsatisfactory tenant, nor is there any other connection between Northside's interest in earning its fee for the sale of the property and the damage allegedly done by Mrs. Bailey while a tenant. "[I]n order to hold the defendant liable, it must be shown 'either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act or that the intervening agency could have reasonably been anticipated or foreseen by the (defendant as the) original wrongdoer.' [Cits.]" *Ga. Power Co. v. Kinard,* 47 Ga. App. 483, 486 (170 SE 688) (1933). "While the question of proximate cause is usually submitted to the jury as a question of fact, it may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's acts were not the proximate cause of the injury." *Union Carbide v. Holton,* 136 Ga. App. 726, 729 (222 SE2d 105) (1975). The undisputed evidence before the trial court supports the trial court's grant of summary judgment.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Argued September 4, 1980 — Decided October 3, 1980 — Rehearing denied October 21, 1980 —

*Leon L. Campbell,* for appellants.

*Douglas N. Campbell, Louis F. Ricciuti,* for appellees.