## 69963. RUSTIN STAMP & COIN SHOP, INC. v. RAY BROTHERS ROOFING & SHEET METAL COMPANY, INC. et al.

### (332 SE2d 341)

BEASLEY, Judge.

Rustin Stamp and Coin Shop, Inc. (Rustin Stamp), brought an action for damages against Ray Brothers Sheet Metal Company, Inc. (Ray Brothers), and Lonnie Smith Service Co., Inc. (Smith Service). The complaint alleged that defendants were negligent "in doing the repair work to the roof" of the building where plaintiff's business was located in that on May 16, 1983, water leaked through the roof causing damage in excess of $10,000 to plaintiff's inventory, supplies and furnishings.

Both defendants answered, denying the material allegations and setting out various defenses. Discovery proceeded and included interrogatories, requests for admissions and depositions of key witnesses. Each defendant moved for summary judgment which was heard but no order was entered. Defendants amended their motions and subsequently another hearing was held at which the trial court granted the motions. Rustin Stamp appeals from that judgment.

Rustin Stamp was a tenant in a shopping center. Its business was located on the first floor of a two-story building (the upper level building) which houses various other shops and businesses. Ray Brothers was employed by the shopping center's management to re-roof part of the upper level building. The job encompassed removal of the old roof, including covers for ventilators and "pitch pockets." This resulted in holes in the roof which were covered over during the roofing process by layers of fiberglass felt and asphalt until the roofing job was substantially completed. Then the openings would be cut out and new coverings would be fabricated and placed over them. The job supervisor for Ray Brothers explained that, in the meantime, since they could not be easily observed, the felt covered holes were marked by wood or buckets placed upside down over them. The roofing job begun on May 9 entailed over a week's work and was not completed by the close of work on Friday, May 13. On leaving the job site that afternoon, the supervisor testified that, as was his custom, he placed buckets over the concealed openings. The supervisor admitted he could not remember placing a bucket over a particular spot but related that his normal procedure was to cover each one with a bucket.

On that same day, Rustin, the president of Rustin Stamp, noticed his air conditioning was not supplying cool air. So on Saturday, May 14, when he saw employees of Smith Service performing air conditioning repairs for the owner of another business, he requested them to inspect his unit on the roof. After obtaining approval from

Smith Service officials, the employees climbed to the roof via a permanent ladder inside the building. Rustin and the owner of the other business either followed them immediately or shortly thereafter. It was discovered that a copper tube on the air conditioning unit had been crimped (presumably from the unit being moved) allowing freon to escape. All of the witnesses testified there were no buckets in the vicinity of the air conditioner. One of the Smith Service workers stepped in a hole, perforating the felt. There was conflicting proof as to whether Rustin heard the worker exclaim and knew of the incident when it occurred or learned of it later. In any case, according to Rustin, he inquired about whether the damaged spot needed repair and was told by one of the Smith Service employees that it was a drain for water on the roof. Rustin stated he was unable to tell if the cut went totally through the felt and relied on the statement of the repairmen. None of the witnesses were able to ascertain the extent of the damage and one thought it might be only an indentation in the felt.

It rained early on the morning of May 16 and water poured into the Rustin Stamp Shop. A maintenance employee for the shopping center temporarily patched the newly punctured hole on the roof, but considerable damage had already occurred to the merchandise and furnishings.

Counsel for Rustin Stamp contends that Ray Brothers was negligent in damaging the air conditioner while moving it and in failing to warn persons on the roof of the existence of hidden openings which would not support them. The negligence attributed to Smith Service is the failure to recognize the extent of the damage caused by the workman stepping in the hole, the misidentification of the opening as a drain and the communication of the erroneous information to Rustin. *Held:*

1. Negligence is not actionable unless it is the proximate cause of the injury complained of. *Stallings v. Ga. Power Co.,* 67 Ga. App. 435 (2) (20 SE2d 776) (1942); *McClure v. Union Lumber Co.,* 89 Ga. App. 424, 426 (79 SE2d 412) (1953). *Rhodes v. Levitz Furniture Co.,* 136 Ga. App. 514, 516 (221 SE2d 687) (1975).

"The question of proximate cause depends upon the facts of each particular case, and, in ascertaining in a particular case what was the proximate cause of the injury, the conclusion reached depends upon whether the injury alleged was such a natural and probable consequence, under the circumstances of the case, as that it might and ought to have been foreseen by the wrong-doer as likely to ensue from his act." *Valdosta Street R. Co. v. Fenn,* 11 Ga. App. 586 (3) (75 SE 984) (1912). Accord *Wright v. Southern R. Co.,* 62 Ga. App. 316, 320 (7 SE2d 793) (1940). "[A] wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary

and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again. A man's responsibility for his negligence must end somewhere." *Stallings v. Ga. Power Co.*, supra at 439.

Because of the necessity of establishing that defendant's negligence caused injury to the plaintiff, "[i]f the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof." *Whitaker v. Jones &c. Co.*, 69 Ga. App. 711 (1) (26 SE2d 545) (1943); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 157 (256 SE2d 916) (1979). " 'One is bound to anticipate and provide against what usually happens and what is likely to happen; but it *would impose too heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen or what, as it is sometimes said, is only remotely and slightly probable. *Yarbrough v. Cantex Mfg. Co.*, 97 Ga. App. 438, 440 (103 SE2d 138) and cit.' " *Covington v. S. H. Kress & Co.*, 102 Ga. App. 204, 205 (115 SE2d 621) (1960). Even where defendant is negligent " '[i]f other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery.' *Mayor &c. of Macon v. Dykes*, 103 Ga. 847, 848 (31 SE 443)." *Higdon v. Ga. Winn-Dixie*, 112 Ga. App. 500, 502 (145 SE2d 808) (1965). "The inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983)." *Hercules, Inc. v. Lewis*, 168 Ga. App. 688, 689 (309 SE2d 865) (1983).

There was proof offered which would sustain a finding that Ray Brothers was negligent in not marking an opening which was unsupported and covered only with layers of felt and asphalt. However, can this negligence be considered the proximate cause of Rustin Stamp's damages? It required several additional factors for injuries to the plaintiff to arise. First, the hole's covering had to be breached by an employee of Smith Service. It was arguably foreseeable that without appropriate warning someone might step in the hidden opening. However, this had to be followed by inaction on the part of all concerned in either recognizing the problem and correcting it or notifying Ray Brothers or anyone else for that matter of the situation before Ray Brothers returned on Monday. Then, of course, there had to be rain.

Considering the circumstances in their totality, the causal connection between defendant's conduct and the resulting injury is too remote to countenance a recovery. It was not error to grant Ray Brothers' motion for summary judgment.

2. Here there are no allegations or contentions that Smith Service through its employees perpetrated a fraud on plaintiff. Fraud must be pled with particularity. OCGA § 9-11-9 (b). Thus, it is not in issue here.

This case involves instead a situation where neither plaintiff nor defendant recognized the problem created. "One failing to inform himself, but having equal opportunity of learning the truth, must suffer the consequences of his neglect." *Blanchard v. West*, 115 Ga. App. 814, 815 (156 SE2d 164) (1967). A party put on inquiry has notice of everything to which it is afterwards found that inquiry might have led. OCGA § 23-1-17. It is a classic case of the plaintiff having equal knowledge and equal means of discovering the actual damage to the roof. His choosing to rely on alleged negligent misrepresentations by the employees of Smith Service furnishes no grounds for recovery.

Where plaintiff brought an action predicated on a misstatement regarding whether there was sufficient antifreeze to withstand a freezing temperature which eventualized, this court held that a mere error in opinion affords no basis for a cause of action, especially when it was not alleged that the speaker knew at the time his statement was erroneous. *DeMayo v. Walton*, 114 Ga. App. 483 (151 SE2d 886) (1966). Where a representation consists of general commendations or mere expressions of opinion, the party to whom it is addressed may not rely upon it or assume its truthfulness, but he must make inquiry and examination to ascertain the truth. *U-Haul Co. v. Dillard Paper Co.*, 169 Ga. App. 280, 281 (312 SE2d 618) (1983).

The proof afforded the plaintiff no grounds for recovery against Smith Service and summary judgment was properly granted it.

*Judgment affirmed. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JUNE 4, 1985.

*William L. Kirby II*, for appellant.
*Milton D. Jones, William B. Hardegree*, for appellees.