## S90G0449. ATLANTA GAS LIGHT COMPANY v. GRESHAM et al.

### (394 SE2d 345)

BENHAM, Justice.

Gresham and his parents sued their landlord and Atlanta Gas Light Company (hereinafter "AGLC") for injuries suffered by Gresham when he tripped over the threshold while exiting, and fell from the steps of his family's mobile home onto a pipe owned and maintained by AGLC. The trial court granted summary judgment to both defendants and the Court of Appeals reversed, holding as to the landlord that a question of fact existed with regard to compliance with a building code, and as to AGLC, that the principles of premises liability did not apply because AGLC was bound by a standard of care specific to its business of transporting natural gas. We granted certiorari to review the holding regarding the standard of care to be applied to AGLC.

1. The Court of Appeals relied on *Bray v. Atlanta Gas Light Co.*, 46 Ga. App. 629 (168 SE 96) (1933), and *Christo v. Macon Gas Co.*, 18 Ga. App. 454 (89 SE 532) (1916), for the proposition that AGLC was "bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty, and nature of that particular business." Id. at 455. Both of those cases, as well as *Chisholm v. Atlanta Gas Light Co.*, 57 Ga. 28 (1876), which announced the standard applied by them, involved natural gas explosions which were alleged to have occurred due to the defendants' negligence in operating their natural gas delivery systems. The standard of care enunciated in those cases was formulated to apply specifically to those operations of a natural gas supplier which directly involve its dangerous product. The present case, however, concerns not explosive gas but a static condition existing on a tract of real property. AGLC's liability, therefore, should be measured not by the standard of care peculiar to the special nature of its operations, but by the standard which would be applied to anyone who owned and maintained a structure such as that on which Gresham was injured.

2. AGLC has contended throughout this litigation that the proper standard to apply was that applicable to cases of premises liability. Appellees insist that the premises liability standard does not apply because AGLC is neither an owner nor occupier of the premises on which Gresham fell. We note, however, the uncontradicted evidence of AGLC's ownership of the pipeline system and of AGLC's right to control and maintain those pipes and that system. Under those circumstances, we find unpersuasive appellees' argument that AGLC is not an occupier of the land and is not entitled, therefore, to the application of premises liability law.

3. The standard generally applied in premises liability cases is

the "superior knowledge" standard.

> " 'The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' [Cits.] One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence." [Cits.] [*McKnight v. Guffin*, 118 Ga. App. 168, 169 (162 SE2d 743) (1968).]

We recognize, however, that even in premises liability cases, the age of the injured person is relevant. Because a child may be unable to appreciate a danger and, therefore, to have knowledge of the hazard equal to that of the owner/occupier, an owner/occupier may be held to a higher standard of care toward a child than toward an adult. See, e.g., *Augusta Amusements, Inc. v. Powell*, 93 Ga. App. 752, 754 (92 SE2d 720) (1956). For that reason, we agree with appellants that AGLC is not entitled to summary judgment on the ground that Gresham, by reason of his familiarity with the premises, is held as a matter of law to have equal knowledge of the dangers on the premises.

4. However, notwithstanding the existence of a question of fact whether Gresham, as a child, had equal knowledge of the danger, we find that summary judgment was correctly granted to AGLC because the injury here was not foreseeable and, therefore, any negligence by AGLC was not the proximate cause of Gresham's injury. The pipe on which Gresham fell was located more than two feet from the side of the steps and was within 18 inches of the side of the mobile home. It is clear from the record that the pipe was well outside the expectable course of traffic entering and exiting the mobile home, put in a place no one had any reason to go. In fact, Gresham's father stated on the record that he was "amazed" that his son could have fallen in such a way as to hit the pipe, and that it had never crossed his mind that it was possible.

> Because of the necessity of establishing that defendant's negligence caused injury to the plaintiff, "if the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof." [Cits.] " 'One is bound to anticipate and provide against what usually happens and what is likely to happen; but it *would impose too*

*heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen or what, as it is sometimes said, is only remotely and slightly probable. [Cits.]' " Even where defendant is negligent " 'if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery.' [Cit.]" [Cit.] "The inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. [Cit.]" [*Rustin Stamp &c., Inc. v. Ray Bros. Roofing &c. Co.*, 175 Ga. App. 30, 32 (332 SE2d 341) (1985).]

In the present case, although it is clear that the placement of the pipe was a cause in fact of the injuries Gresham suffered, it is equally clear that the placement of the pipe "furnished only the condition or occasion of the injury" and was not the proximate cause of Gresham's injuries.

"While the question of proximate cause is usually submitted to the jury as a question of fact, it may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's acts were not the proximate cause of the injury." *Kells v. Northside Realty Assoc.*, 156 Ga. App. 164, 165 (274 SE2d 66) (1980). We hold, therefore, that the trial court was correct in granting summary judgment to AGLC, and that the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur, except Hunt and Fletcher, JJ., who concur in the judgment only; Smith, P. J., and Weltner, J., who dissent.*

SMITH, Presiding Justice, dissenting.

I vigorously disagree with the majority opinion for the following reasons. First, premises liability principles are not applicable in this case. Instead, the duty owed by the appellant, Atlanta Gas Light Company (AGLC), to the appellee, Marc Gresham, is one of reasonable care in the maintenance of its dangerous instrumentality, the gas pipe. Second, sufficient evidence of foreseeability was presented to warrant a jury's determination of the issue and, thus, the affirmance of the trial court's grant of summary judgment is error.

### Premises Liability Principles

The majority, in its opinion, argues that the appellant, AGLC, is an occupier of land and is therefore entitled to the application of

premises liability law.[1] This holding is mistaken for the following reasons.

AGLC's interest in the gas pipe does not rise to the status of an occupier of land under Georgia law. In the record, AGLC states that it owns the pipe and an easement to maintain the pipe. The question of whether a party is an owner or occupier for purposes of premises liability law in Georgia depends on whether or not the party has " 'control of the property, whether or not [the party] has title thereto and whether or not [the party] has a superior right to possession of property which is in the possession or control of another.' " *Georgia Building Services v. Perry*, 193 Ga. App. 288, 295 (387 SE2d 898) (1989). The record fails to show that AGLC holds any more than an easement to run a service line to the mobile home on the property in

---

[1] The general duty owed to the public is reasonable care. OCGA § 51-1-2. Over time, a special body of law, premises liability principles, has developed giving landowners and occupiers the benefit of a somewhat more relaxed standard of care owed to those who come onto their land. Georgia law divides land entrants into three categories: trespassers, licensees, and invitees. Traditionally, landowners and occupiers owe a different duty to each of these. Overall, the duties owed, "make out, as a general pattern, a rough sliding scale, by which, as the legal status of the visitor improves, the possessor of the land owes him more of an obligation of protection." W. P. Keeton, D. Dobbs, R. Keeton, and D. Owen, Prosser and Keeton on Torts, at 393 (5th ed. 1984) [hereinafter Prosser]. The point of view of the common law has been (with a number of qualifications) that landowners and occupiers are not liable to trespassers for their failure to exercise reasonable care. Prosser, supra. In Georgia, landowners are held liable to licensees only for wilful or wanton injury, OCGA § 51-3-2, and to invitees for their failure to exercise ordinary care, OCGA § 51-3-1.

The rationale for this special body of law is seen in Prosser's discussion of the common law "no duty to trespassers" rule. This rule stems from the common law's "traditional regard for the rights of private ownership of property," Prosser, supra at 393, and "is indicated by the prevailing view which refuses to extend the immunity to other defendants who are not in possession of the land." Id. at 395. In the leading case espousing the same rationale, the Vermont Supreme Court refused to extend this landowners' "immunity" to a power company which held an easement. *Humphrey v. Twin State Gas &c. Co.*, 100 Vt. 414 (139 A 440) (1927). The court stated that when

[t]raced to its source, the rule exempting a landowner from liability to a trespasser injured through the condition of the premises is found to have originated in an over-zealous desire to safeguard the right of ownership as it was regarded under a system of landed estates, long since abandoned, under which the law ascribed a peculiar sanctity to rights therein.

*Humphrey*, 139 A at 442. Because the easement holder did not have "ownership" of the land for which these special rules and defenses were developed and, thus, did not possess the sanctity of "land-owning" which these rules safeguard, it could not take advantage of these rules and defenses.

While *Humphrey* and the discussion in Prosser center around the common law "no duty to trespassers" rule, the same rationale is applicable to each of the special rules of premises liability, including Georgia's "superior knowledge" rule. Accordingly, we should be wary of extending premises liability principles to defendants who do not own, possess, or control the premises. While I agree that if this case were governed by premises liability principles, summary judgment based on the "superior knowledge" rule would still be improper because a child plaintiff cannot have equal or greater knowledge than an adult defendant, this issue need not be reached because AGLC is not a landowner or occupier as envisioned by these principles.

question. Nowhere in the record is there any evidence that the easement extends to the entire premises. It is undisputed that AGLC holds no title and has no right to possession of these premises. The issue remains whether AGLC had sufficient control over the premises to enable it to invoke premises liability principles.

The majority stresses that AGLC's ownership of the pipeline system and its right to control and maintain those pipes equate to occupation of the land. However, an easement is only "a right . . . to use the land of another for a special purpose not inconsistent with the general property in the owner . . ., [and] it carries with it *no appreciable degree of dominion* over the land itself." (Emphasis supplied.) Pindar, Ga. Real Est. Law, § 8-1 (3rd ed. 1986). Here, AGLC's incidental use of a fraction of the mobile home lot does not give AGLC control of the premises. To extend the status of occupier to such an attenuated right to use the property is illogical.

The majority attempts to create an analogy where, in fact, a distinction should be drawn. If we extend premises liability principles to a mere easement holder who, as in this case, exerts no appreciable degree of control over the premises, we may create a duty where none existed before. If AGLC is considered an occupier of this land, they would owe the same duty of care to land entrants as any landowner. Following the majority opinion, one can readily envision a situation where a land entrant injured on a third party's property will attach new "deep-pocket" defendants who merely hold a limited easement, as in this case, on the third party's land. I doubt that this is the result that the majority intends.

### Foreseeability

The contention that the appellee's injury was not foreseeable and, therefore, not proximately caused by the placement of the gas pipe is a genuine and material issue of fact which should have been submitted to a jury. Summary judgment is to be awarded only where, as a matter of law, submission of the case to the jury is unnecessary. *Moore v. Atlanta Transit System*, 105 Ga. App. 70, 72 (123 SE2d 693) (1961). OCGA § 9-11-56 (c) states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law; *but nothing in this Code section shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined. . . .*

(Emphasis supplied.) The majority opinion affirming the trial court's grant of summary judgment improperly encroaches upon the role of the jury.

> One of the most frequently cited propositions in all of Georgia jurisprudence is the rule that "questions of negligence, diligence, contributory negligence and *proximate cause* are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases."

(Emphasis supplied.) Adams & Adams, Ga. Law of Torts, § 3-2 (1989).

Evidence of foreseeability sufficient to warrant a jury decision on the issue of proximate cause is shown by the metal pipe's ten-inch protrusion out of the ground, its close proximity to the side of the steps which both adults and children frequently used, the fact that the location of the pipe did not conform to AGLC's own internal operation standards, and the fact that AGLC's superintendent stated that the pipe was located too close to the steps because someone might trip over it, bump into it, or "anything of this nature." Additionally, the superintendent attested that it was AGLC's standard procedure to cut these pipes below ground level, cement them underground, and that AGLC had plans to perform that operation on the pipe in question but had not yet done so. The service line was not in use. The fact that AGLC's procedure is to cut off the pipes underground supports the contention that they should have reasonably foreseen consequences of a generally injurious nature to someone situated such as Marc Gresham.

Furthermore, the majority's reliance on the testimony of Marc Gresham's father as to what dangers he foresaw in relation to the pipe is misdirected. The rule in Georgia makes it the defendant's responsibility to foresee the likelihood of injury. Adams & Adams, Ga. Law of Torts, § 15-3 (1989). Thus, the issue here is not what Marc Gresham or his father foresaw. Instead, the issue is what AGLC should have reasonably foreseen.

In a similar case, this Court held that the risk presented by an iron surveying pin that protruded some two inches out of the ground was a question for the jury. *International Paper Realty Co. v. Bethune*, 256 Ga. 54 (344 SE2d 228) (1986). In *Bethune*, a child was allegedly injured when he fell on the iron pin. We held that a grant of summary judgment in favor of the appellant was improper, stating,

> [w]here the alleged artificial condition is a steel rod driven into the ground with some two inches protruding above

ground, a jury must decide if it involves an unreasonable risk to persons situated such as the plaintiff, and whether defendant realized or should have realized that it involved such an unreasonable risk.

*Bethune,* supra at 55. If a jury question was present in *Bethune,* then clearly a jury question is present in this case. It is only logical that the foreseeability of injury from a ten-inch pipe is greater than that from a two-inch pin. As in *Bethune,* a jury should be allowed to resolve this question.

Even if AGLC could not foresee the particular injury suffered by Marc Gresham or the manner in which it occurred, it still cannot be excused from having to defend its actions before a jury. In Georgia,

" '[i]n order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result.' " [Cits.]

*Lewis v. Harry White Ford,* 129 Ga. App. 318, 320 (199 SE2d 599) (1973).

Because premises liability principles do not apply here, and because there is more than sufficient evidence of foreseeability to mandate a jury determination, I cannot follow the majority opinion. For these and the above stated reasons, I dissent.

DECIDED MAY 2, 1990 —
RECONSIDERATIONS DENIED JULY 26, 1990 AND JULY 31, 1990.

*Long, Aldridge & Norman, James J. Thomas II, John L. Watkins, Paula Rafferty Miller,* for appellant.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Chesnut & Livingston, Tom Pye,* for appellees.