### A96A2291. MORRIS v. BAXTER.
(483 SE2d 650)

RUFFIN, Judge.

Carolyn Morris sued John Baxter for the wrongful death of her daughter, Deborah Easterwood, who committed suicide. The trial court granted Baxter summary judgment, and Morris appeals. For reasons which follow, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

The record reveals the following facts. Easterwood was romantically involved with Baxter for several years prior to her death. During their relationship, Baxter became aware that Easterwood was schizophrenic and that she took medication to help keep her calm.

In the months just prior to her death, Easterwood's mental condition required that she be hospitalized twice. When released from the second hospital stay on July 2, 1993, Easterwood appeared to her mother to be depressed. Although Baxter did not believe at the time that Easterwood was overly depressed, he testified that she "seemed different."

On July 4, 1993, Easterwood spent the night with Baxter and dreamed that someone was trying to kill her. The next morning, Easterwood returned to her mother's house. Although Easterwood remained upset about the dream, nothing about her behavior alarmed Morris. Easterwood called Baxter that morning and told him she would stop by his house that afternoon. Baxter spent part of the day at a nearby beach and then returned home, where he discovered that Easterwood had shot herself with the .22 caliber rifle he kept loaded in one corner of his bedroom. Easterwood died later that

evening.

Morris subsequently brought suit against Baxter, alleging that Baxter negligently left a loaded rifle "in plain view" in his home where Easterwood, with her "diminished mental capacity and suicidal ideation," could use it. Finding no evidence that Baxter proximately caused Easterwood's death, the trial court granted summary judgment. Morris now argues that the trial court erred in granting summary judgment to Baxter. We disagree.

As we have previously found, "[n]egligence is not actionable unless it is the proximate cause of the injury. A wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again." (Citations and punctuation omitted.) *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 67 (2) (d) (397 SE2d 576) (1990). Thus, "negligence is predicated on what should have been anticipated rather than on what happened." (Citations and punctuation omitted.) Id. at 68. Although the question of proximate cause is usually submitted to the jury for resolution, " 'it may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's acts were not the proximate cause of the injury.' [Cit.]" *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391, 393 (4) (394 SE2d 345) (1990).

We find that, as a matter of law, no jury could reasonably conclude that Baxter's act of leaving a loaded rifle in his bedroom proximately caused Easterwood's death. Baxter testified that he never thought Easterwood would kill herself. Morris also testified that Easterwood had never threatened to harm herself and that no one, including Baxter, believed Easterwood had suicidal intentions. Easterwood's treating physicians and therapists similarly expressed no concern to the family that Easterwood might be suicidal.

To support her claim that the suicide was foreseeable to Baxter, Morris argues that Easterwood told Baxter just before her death that she was "bored with life." Boredom, however, does not foretell suicide. Furthermore, the record presents no evidence from which a jury could conclude that a reasonable person would foresee Easterwood's suicide from her mental condition. On the contrary, the record reveals that Easterwood's own health care providers did not view her as a suicide risk and would not have released her from the hospital on July 2 had they perceived her as such.

The availability of a loaded gun may have been a cause in fact of

Easterwood's death. Yet, "the inquiry is not whether [Baxter's] conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery." (Citation and punctuation omitted.) *Strickland,* supra at 67. Contrary to the dissent's argument, no reasonable jury could find that Baxter's actions proximately caused Easterwood's death. This case is fully distinguishable from *West v. Mache of Cochran, Inc.,* 187 Ga. App. 365 (370 SE2d 169) (1988), which the dissent cites. In *West,* the Court addressed the statutory responsibility placed on gun dealers to keep guns away from certain individuals and concluded that *dealers* "cannot, when they ignore that responsibility, avoid liability by claiming it was unforeseeable that the ineligible purchaser would misuse the gun." 187 Ga. App. at 369. That decision and the others relied upon by the dissent do not alter the result in this case, which involves an individual gun owner who kept a gun in his bedroom.

The record shows no evidence that Easterwood's death was reasonably foreseeable to Baxter. Baxter did not believe Easterwood would harm herself, and neither Morris nor Easterwood's own health care providers believed she was a suicide risk. Furthermore, nothing in the record indicates that Easterwood was "so childlike" that she had a "diminished understanding" of guns, as apparently suggested by the dissent. Accordingly, the trial court properly granted summary judgment to Baxter.

We express no opinion on whether Baxter owed any duty to protect Easterwood from herself or whether Baxter's conduct could be construed by a reasonable jury as negligent.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Beasley, Johnson and Blackburn, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the affirmance of summary judgment on the ground that defendant John Baxter's behavior in leaving a loaded rifle in plain view of his mentally disturbed lady friend, plaintiff's decedent Deborah Easterwood, cannot be a proximate cause of Easterwood's suicide. As a majority of this Court recently recognized, "there may be more than one proximate cause of an injury. *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 157 (1) (B) (256 SE2d 916) (1979)." *Coweta County v. Adams,* 221 Ga. App. 868, 870 (2), 871 (473 SE2d 558) (1996). Unlike the majority, I would hold a jury is authorized to conclude that defendant breached a common law duty of care, and that harm to *some*one is a reasonably foreseeable consequence of that breach of duty. This Court previously quoted approvingly from *Howard Brothers of Phenix City, Inc. v. Penley,* 492 S2d 965 (Miss. 1986). There, the Supreme Court of Mississippi held: "In

this state, in this day and age we are simply not going to assert that there is no common law duty, aside from statute, for a dealer in firearms to have in effect in his place of business some safety precautions and procedures designed to prevent [a patron from being taken hostage by a mentally disturbed customer]." *Howard Brothers of Phenix City, Inc. v. Penley*, supra at 967 [1], 968. Citing extensively from that opinion, this Court subsequently reasoned: "That loaded rifles are especially dangerous and life threatening when possessed by mentally disturbed people is a matter of common knowledge. . . ." (Citations and punctuation omitted.) *West v. Mache of Cochran, Inc.*, 187 Ga. App. 365, 366 (1), 369 (370 SE2d 169). I fully recognize that defendant here is simply a gun owner and not a firearms dealer, and that this is *not* a negligence per se situation. Yet, this defendant knew enough to hide or disarm the rifle when children were about. Human reasoning and foresight applied to common experience raises the question whether Deborah Easterwood's schizophrenia rendered her so childlike that she deserved and required that extra care and attention proportionate to her diminished understanding, especially when confronting the allegations recently made by decedent's sister against defendant, decedent's longtime gentleman friend. "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." OCGA § 51-12-8. On the other hand, "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered." OCGA § 51-12-9. In my view, *under the particular facts and circumstances of the case sub judice*, a jury should determine whether defendant John Baxter's carelessness in leaving a loaded rifle in plain view of a disturbed young woman was too remote under OCGA §§ 51-12-8 and 51-12-9 to permit recovery for decedent's suicide. See *Spires v. Goldberg*, 26 Ga. App. 530, hn. 2, 3 (106 SE 585).

DECIDED MARCH 5, 1997.

*Deming, Parker, Hoffman, Green & Campbell, Paul M. Hoffman*, for appellant.

*Hawkins & Parnell, William H. Major III, Edwin L. Hall, Jr.*, for appellee.