[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14003
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01520-ELR

RONNIE JAROD THURMOND,

Plaintiff - Appellant,

versus

FEDERAL SIGNAL CORPORATION,
VACTOR MANUFACTURING, INC.,

Defendants - Appellees,

ENVIRONMENTAL PRODUCTS OF FLORIDA CORP., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 29, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

In this personal injury case, Ronnie Thurmond appeals the district court's decision to partially exclude his expert's opinion and to grant summary judgment in favor of Vactor Manufacturing and its parent company, Federal Signal Corporation (collectively, "Vactor"). Thurmond asserted strict liability and negligence claims against Vactor under Georgia law after he suffered significant injuries to his arm and hand while performing maintenance on a sewer cleaner, the Vactor 2103.[1] On appeal, Thurmond argues (1) that the district court erred in concluding that Thurmond's own carelessness, rather than Vactor's purported negligence or a design defect in the Vactor 2103, was the sole proximate cause of his injuries, (2) that because the grant of summary judgment is due to be reversed, his "claim for punitive damages is due to be revived," and (3) that the district court abused its discretion in "excluding the alternative design opinions of Thurmond's expert," Dr. Jeffery H. Warren. After careful review, we disagree with Thurmond's first two contentions, and as a result, we need not address the third.

---

[1] Thurmond also brought a failure-to-warn claim, but he did not contest Vactor's motion for summary judgment as to that claim before the district court.

2

## I

"We review *de novo* a district court's grant of summary judgment, applying the same legal standards that controlled the district court's decision." *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1199 (11th Cir. 2001) (citations omitted). Accordingly, we must construe the facts and draw all reasonable inferences in the light most favorable to Thurmond. *Id.* (citations omitted). Summary judgment was proper here if Vactor has shown that "there is no genuine dispute as to any material fact" and it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We start with a brief review of the facts. Thurmond's injuries occurred while working in the sewer department of the City of Loganville, Georgia. Thurmond and a co-worker, Jack Montelbano, were using the Vactor 2103 and noticed that its rodder hose began to leak. Accordingly, their supervisor told them to replace the damaged hose. Whether Thurmond had replaced a rodder hose before the date of his injury is a matter of some dispute; he asserts that he had not, whereas Montelbano claims that Thurmond had done so previously and even trained Montelbano on the procedure.

Thurmond admits that he did not consult the Vactor 2103 manual before attempting to change the rodder hose. In his words, he "just figured out how to do it as he went along." He did not de-energize the machine or turn off the

3

hydraulics, despite the fact that a decal on the drum warned users—in all caps— "not [to] work on or near an exposed shaft when engine is running" and to "[s]hut off engine before working on power take off [("PTO")] driven equipment."  He reached into the hose reel drum in order to feed in the new rodder hose, and with his arm in the machine up to his bicep, he inadvertently contacted the hose control lever, which caused the hose reel to rotate.  As a result, his arm became trapped, causing what he describes as "severe, permanent, disfiguring, and de-gloving injuries" to both his arm and hand.

Thurmond brought his claims in Georgia state court, but Environmental Products of Florida—which is no longer a party to this litigation—removed the case to federal court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441(b).

## II

Under Georgia law, proximate cause is an essential element of both negligence and strict liability causes of action.[2]  *See Talley v. City Tank Corp.*, 279 S.E.2d 264, 269 (Ga. Ct. App. 1981).  Proximate cause is predicated on foreseeability, as it includes "all of the natural and probable consequences of the tortfeasor's negligence."  *Edwards v. Campbell*, 792 S.E.2d 142, 147 (Ga. Ct. App.

---

[2]  Because Thurmond's negligence and strict liability claims both rest on the contention that the Vactor 2103 is defectively designed, our assessment of proximate cause applies to both claims.

2016) (quoting *Granger v. MST Transp., LLC*, 764 S.E.2d 872, 874 (Ga. Ct. App. 2014)).  Where, however, there is "an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant . . .  and which was sufficient of itself to cause the injury," a plaintiff cannot establish that the defendant proximately caused her injuries.  *Walker v. Giles*, 624 S.E.2d 191, 200 (Ga. Ct. App. 2005) (citations and quotations omitted); *see also Edwards*, 792 S.E.2d at 147 (stating that "negligence, even if proven, can[not] be actionable" without proximate cause and that "the requirement of proximate cause constitutes a limit on legal liability") (internal quotation marks omitted).

Thurmond argues that the district court erred in concluding—on both his negligence and strict liability claims—that he failed to establish proximate cause as a matter of law.  The question whether he himself "was the sole proximate cause of his injuries and [whether] his conduct was unforeseeable," Thurmond contends, should have been left to the jury.  We disagree.

It is true, as Thurmond points out, that proximate cause is "usually submitted to the jury as a question of fact." *Edwards*, 792 S.E.2d at 147 (quotations omitted). But the question "may be decided as a matter of law [when] the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's acts were not the proximate cause of the injury." *Id.* (quotations omitted).  Here, the district court did not err in concluding, as a matter of law, that

5

Thurmond's own carelessness, not any action on the part of Vactor, was the sole proximate cause of his injuries.  Thurmond does not dispute that the City of Loganville's safety committee found that "[t]he vehicle was left running while the work was being performed" and concluded that Thurmond "was at fault due to carelessness and failure to follow safety procedures."  Indeed, the City's Standard Operating Procedures mandate that employees follow appropriate "lockout-tagout" procedures, which include, as relevant here, that equipment "must be turned off" and "isolate[d] . . . from its energy sources" "prior to repairs."  Because of Thurmond's "carelessness," his injury is too attenuated from Vactor's actions to give rise to liability.  *Cf. Omark Indus., Inc. v. Alewine*, 319 S.E.2d 24, 25–26 (Ga. Ct. App. 1984) (holding, in a failure-to-warn case, that plaintiff had failed to establish proximate cause as a matter of law where the injury "clearly resulted from negligent installation or maintenance occurring after the product left the manufacturer rather than from a defect in the product itself").

Thurmond counters that his failure to de-energize the Vactor 2103 "was certainly foreseeable to Vactor" by dint of the fact that the company included warnings—both in its manual and on the Vactor 2103 itself—to power off the machine during rodder-hose replacement.  But "[f]oreseeability means that which is objectively reasonable to expect, not merely what might occur."  *Greenway v. Peabody Int'l Corp.*, 294 S.E.2d 541, 547 (Ga. Ct. App. 1982) (quotations

6

omitted).  The mere fact that a company outlines basic safety procedures in its warnings does not provide evidence that Vactor reasonably expected users to disregard them completely.  It is not "objectively reasonable to expect" that an end user opts to just "figure[] out how to do it as he went along" without consulting the Vactor 2103 manual or adhering to the City's rudimentary safety procedures.[3]

Also cutting against Thurmond's argument that his "carelessness" was foreseeable is the fact that of the approximately 500 units of the Vactor 2103 sold there has not been another injury like Thurmond's since Vactor began selling the product in 1993.  *See Woods v. A.R.E. Accessories, LLC*, 815 S.E.2d 205, 211 (Ga. Ct. App. 2018) (finding that a particular misuse was not foreseeable, in part, because "nothing in the record" showed reports of a similar incident).  "It would impose too heavy a responsibility" to hold Vactor to "guard against"—as here— "what is unusual and unlikely to happen" or "only remotely and slightly probable." *Atlanta Gas Light Co. v. Gresham*, 394 S.E.2d 345, 347 (Ga. 1990) (citations and quotations omitted).  *See also Govea v. City of Norcross*, 608 S.E.2d 677, 684 (Ga. Ct. App. 2004) (stating that "[i]t is well established that a wrongdoer is not responsible for a consequence which is merely possible" and defining "possible

---

[3] Thurmond purports to identify a dispute of material fact over whether the City had trained him on lockout-tagout procedures and whether it made the Vactor 2103 manual available to its employees.  But the claim that Thurmond was not trained on these procedures, if true, underscores that the conduct of someone other than Vactor was an intervening cause that broke the chain of causation.

7

consequences" to be "those which happen so infrequently that they are not expected to happen again") (citations and quotations omitted).

At bottom, Georgia tort law does not operate to hold a manufacturer to a "duty . . . to design [its] product as to render it wholly incapable of producing injury." *Woods*, 815 S.E.2d at 210. The district court did not err in holding that Thurmond's "carelessness" was an unforeseeable intervening cause of his injuries, such that he cannot establish proximate cause as a matter of law.

### III

Because we conclude that Thurmond's own actions proximately caused his injuries, the district court need not have reached the question whether the Vactor 2103 was defectively designed. *See Talley*, 279 S.E.2d at 269 ("Unless the manufacturer's defective product can be shown to be the proximate cause of the injuries, there can be no recovery."). We therefore need not determine whether the district court properly excluded Warren's alternative design opinion. And because "there can be no recovery," *id.*, the district court correctly held that Thurmond's "derivative claim for punitive damages also cannot survive."

**AFFIRMED.**

8